THE STATE OF FLORIDA, *ex rel.* JOHN SUNDAY, PLAINTIFF IN ERROR, v. W. W. RICHARDS, TAX ASSESSOR. DEFENDANT IN ERROR.

1. A writ of mandamus may in the exercise of a sound judicial discretion of the court be issued to enforce the performance of a legal duty imposed by law upon a ministerial officer where such duty does not involve the exercise of discretion of judgment by the officer and the relator has a clear legal right to have such duty performed and there is no other adequate remedy provided by law.

2. A writ of mandamus will not be awarded when it is evident that substantial rights of parties not before the court are involved.

3. Where another adequate legal remedy is provided by law the court in its discretion will not grant a writ of mandamus.

4. A writ of mandamus will not lie to compel a tax assessor to place lands upon the tax rolls where the lands have been previously sold to the State for non-payment of taxes and they are not included in the lists of lands certified by the Comptroller to the assessor for assessment, it not being shown that an application under the law has been made to the Comptroller for relief.

5. In mandamus proceedings the alternative writ  takes the place of a declaration at law, and it is essential that  it should show a clear prima facie case in favor of the relator.

6. The alternative writ in mandamus proceedings must show a clear prima facie case in favor of relator. In order to make out a prima facie case the writ should  allege  all the essential facts which show the duty and impose  the legal obligation on the respondent to perform the  acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation.

This case was decided by the Court En Banc.

Writ of  Error to the  Circuit Court  for  Escambia County.

The facts in the case are stated in the  opinion of the Court.

*Blount & Blount* and *E. D. Beggs,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, and  *L. J. Reeves,*  for Defendant in Error.

WHITFIELD, J.  The plaintiff in error as relator  filed in the Circuit Court for Escambia county a petition praying for an alternative writ of  mandamus in which it  is alleged that John Sunday of Escambia county, Florida, was on January 1st, 1905, and for a long time  prior to and ever since that date was, has been, and is  now the owner of several certain and  described  pieces  of  real estate situated in the city of Pensacola, Escambia county, Florida; that W. W. Richards is the Tax Assessor of said

county; that on the 5th day of January, 1905, relator pre-
sented his return of said property to said tax assessor and
requested him to assess the same on the assessment roll
for said Escambia county for the year 1905, in the name of
relator, but said W. W. Richards, unmindful and regard-
less of his duty in the premises as such tax assessor as
prescribed by law, failed and refused and still refuses to
receive said return of said property for assessment and to
assess the same in the name of relator as the owner there-
of for the year 1905, and alleges and claims that his rea-
son for failing and refusing so to do is that said lands
have been certified or sold to the State of Florida for the
taxes of previous years (the date of each such sale or cer-
tification, the number of the certificate, and the descrip-
tion of the several pieces of property being given), and
that said lands were not included in any list furnished
by the Comptroller to said assessor as provided by law;
and that in conformity with the law and under special in-
struction from the Comptroller of the State of Florida,
he cannot enter said property on the said assessment roll.
The petition then alleges that the said lands were certified
or sold to the State of Florida as alleged and claimed by
the said W. W. Richards as aforesaid, but that each and
all of said sales and certifications of said lands were and
are illegal and void for reasons set out in the petition. It
is further alleged that the several parcels of lands have
been, each year since the said respective sales or certifica-
tions thereof, assessed or attempted to be assessed, by the
tax assessor of said Escambia county upon the assess-
ment roll of said Escambia county, until the year 1902,
and the taxes which were assessed against the same paid
or the property sold by the tax collector to satisfy the
same; that not until the year 1902, or after, did the tax

assessor of said Escambia county fail or refuse to assess any of said lands upon the assessment rolls of said Escambia county, because of such sales or certifications, or because of any requirement of law or special instruction from the Comptroller of the State of Florida; that it is the duty of said W. W. Richards as such tax assessor to assess said lands as stated; that realtor is without remedy in the premises except by mandamus. A writ of mandamus is prayed against the said W. W. Richards as tax assessor as aforesaid, commanding him to assess the said lands on the assesment roll for said Escambia county for the year A. D. 1905, and assess the said property upon said assessment roll in the name of relator as the owner thereof.

An alternative writ of mandamus issued, to which a copy of the petition was attached as a part thereof. The respondent moved to quash the alternative writ on the following grounds: 1. That the relator has not in and by his petition made or stated such a cause as doth or ought to entitle him to the relief prayed for.

2. That the petition shows no right in relator to the relief prayed for.

3. That the petition shows no legal duty upon the respondent to do the acts which the petition and writ seek to compel him to perform.

4. That the petition seeks to compel the performance of acts specifically forbidden by statute.

5. That the relator has other complete and adequate remedies.

6. That it appears from the petition that the relator has been guilty of inexcusable laches.

7. That it appears from the petition that the relief sought is inequitable.

8. That these proceedings substantially and in effect constitute an action against the State of Florida.

9. That the relator had a complete and adequate remedy which has been lost by laches.

The motion was granted and the alternative writ was quashed and a writ of error was taken to the present term of this court. The following errors are assigned: (1). The court erred in granting the motion of respondent to quash the alternative writ of mandamus; (2) in granting the order quashing the alternative writ of mandamus; (3) in rendering judgment in favor of respondent.

A writ of mandamus may in the exercise of a sound judicial discretion of the court be issued to enforce the performance of a legal duty imposed by law upon a ministerial officer where such duty does not involve the exercise of discretion of judgment by the officer and the relater has a clear legal right to have such duty performed, and there is no other adequate remedy provided by law. Towle v. State, *ex rel.* Fisher, Sheriff, 3 Fla. 202; State v. Crawford, 28 Fla. 441, 10 South. Rep. 118.

The petition alleges that the tax assessor refuses to assess the lands because said lands have been certified or sold to the State of Florida for the taxes of previous years, and that said lands were not included in any list furnished by the Comptroller to said assessor as provided by law. This refusal is based on a provision of the revenue law that "The asessor shall not assess any lot or parcel of land certified or sold to the State for any previous year, unless such lot or parcel of land so certified or sold shall be included in the list furnished by the Comptroller to the assessor as now provided by law." The revenue law provides for the redemption within a given period of tax certificates certified or sold to the State for non-payment of taxes on the land, by persons interested in the

land covered by the certificates, and provides also that at the expiration of the period of redemption the title to the land so sold or certified shall be held to be in the State, and the certificate shall be evidence of the title of the State. The law also provides for the sale of tax certificates held by the State, and after the expiration of the period of redemption, for the issue of deeds based on such certificates which convey the title to the lands. The law referred to in the above quotation provides that the Comptroller shall annually certify lands sold or patented by the United States "together with the various .classes of State lands sold during the same year, to the assessors of the counties in which such lands may be situated." The "classes of State lands" referred to include lands the title to which had matured in the State by tax sale and which had been sold during the year.

If the lands had been sold or certified to the State for the taxes of previous years and they were not included in lists furnished by the Comptroller to the tax assessor as provided by law, the statute forbids him to place them on the tax roll. But it is alleged "that each and all of said sales and certifications of said lands were and are illegal and void" for reasons set out in the petition. The real purpose, then, for which mandamus is asked is to have the previous sales and certifications of the lands to the State for the non-payment of taxes due thereon declared illegal and void.

If the certificates are held by the State it has an interest in the question of their validity or invalidity, and the State is not a party to this suit.

This court in the case of State *ex rel.* Dixon v. Trustees I. I. Fund, 20 Fla. 402, has approved the doctrine that the fact that there are other claimants to land who are

19 S. C.

not parties to the proceeding furnishes sufficient ground for refusing a mandamus to compel the performance of an act affecting the title to the land. The averment that the claims are void will not relieve the difficulty; for the court will not undertake to adjudicate claims, whether valid or not, when the claimants are not parties to the suit.

A writ of mandamus will not be awarded when there is other adequate legal remedy provided by law by action or otherwise. High on Ex. Legal Remedies, (3rd ed.) Sec. 15. The fact that the certificates involved here are held by the State does not deprive the relator of an adequate remedy. The statutes of this State, Section 394 of the Revised Statutes of 1892 and Section 12 of Chapter 4888 Acts of 1901, provide an easy and just method for securing the cancellation of illegal tax certificates held by the State. The latter section is as follows:

"Whenever it shall appear to the Comptroller that the taxes on any land heretofore sold, or that may hereafter be sold, to the State for taxes, were not due at the time of such sale upon the lands or any part thereof embraced in any certificate of sale, or that the sale was otherwise illegal or improper, he shall have power to cause to be cancelled, in whole or in part, or cause to be surrendered such certificate in such manner and upon such terms as may in his judgment be best to protect the interest of the State and do justice to the owners, and the clerk shall make such cancellation or surrender on the order of the Comptroller."

In the case of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 South Rep. 51, the court was equally divided on the question as to whether or not before mandamus will lie in a proper case to reinstate a pupil who has been

wrongfully expelled from a public school resort must first be had to the county school authorities for relief. In that case the statute did not provide specifically for a remedy at the hands of the county school authorities, but such authorities had general supervision only of the matter, and for that reason the writer hereof was of the opinion that no specific and adequate remedy was provided by law and that consequently mandamus was not on that account excluded. In this case the statute furnishes a specific and adequate remedy for the cancellation of tax certificates held by the State where the sales were illegal or improper. See Marshall v. Sloan, 35 Iowa, 445.

A relator cannot be said to have a clear legal right to the performance of an official act by an officer when the refusal of the officer to perform the official act is the result of the omission of the relator to do something required of him by law, at least in the absence of a sufficient excuse therefor on the part of the relator. The law imposes upon the owner of lands the duty of paying the taxes due thereon, and when a tax assessor refuses to assess lands because they have been sold to the State for the omission to pay the taxes, the party who so omits to do his duty cannot by mandamus compel the tax assessor to assess the lands to him until such omission has been remedied in some legal way. The tax certificates held by the State charge the relator with notice that the taxes have not been paid on the lands for certain years, and relator seeks by mandamus to have those certificates declared void by mandamus. See People *ex rel.* Wood v. Board of Assessors of Brooklyn, 137 N. Y. 201, 33 N. E. Rep. 145; People *ex rel.* Durant Land Imp. Co. v. Jeroloman, 139 N. Y. 14, 34 N. E. Rep. 726; 19 Am. & Eng. Ency. Law (2nd ed.) 753.

In mandamus proceedings the alternative writ takes the place of a declaration at law, and it is essential that it should show a clear *prima facie* case in favor of the relator. State *ex rel.* Fowler v. Finley, 30 Fla. 302, text 310, 11 South. Rep. 500. In the case of Puckett v. State *ex rel.* Johnson, 33 Fla. 385, 14 South. Rep. 834, this court says: "The *alternative writ* in mandamus proceedings must show a clear *prima facie* case in favor of relator. In order to make out a *prima facie* case the writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation." In this case only a few of the allegations of the petition are included in the alternative writ, but a copy of the petition is attached to and made a part of the alternative writ. Attention is called to this as not being proper practice.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J.. concur.

TAYLOR and HOCKER, JJ., concur specially.

PARKHILL, J., disqualified.

HOCKER, J. I concur in the opinion that the judgment should be affirmed on the ground that the alternative writ shows that the property involved has been assessed each year since the sales and certifications thereof, which are set forth in the writ up to 1892, and that the taxes assessed against the same were paid, *or the property sold by the tax collector to satisfy the same.* If the property has been subsequently sold by the tax collector it may be, for aught

that appears to the contrary, that the title of the owner has been thereby divested, and has vested in the State or a private person, and if so, he has no legal standing in this proceeding. He must show a clear *prima facie* case, which entitles him to relief in this proceeding.

Upon the other questions involved I express no opinion.

TAYLOR, J. concurs in the above views expressed by HOCKER, J.