W. D. GAMBLE, J. W. CARUTHERS, THOMAS BEVILL, SIM-
EON C. CARUTHERS AND JAMES L. KILPATRICK, AS THE
BOARD OF COUNTY COMMISSIONERS OF SUMTER COUNTY,
*Plaintiffs in Error,* v. THE STATE OF FLORIDA *ex rel.* M.
A. CASSADY, J. T. WILLIAMS AND D. L. BELTON, *De-
fendants in Error.*

MANDAMUS—COMPELLING ERECTION OF COURT HOUSE—
DOES NOT LIE TO CONTROL OR COERCE DISCRETION OF
OFFICER.

1. When the duty is not mandatory, but the officer or board is
allowed a discretion as to when the ministerial act shall be
performed, or whether it shall be performed at all, such per-
formance will not be enforced by the writ of mandamus.

2. Under the provisions of section 808 of the General Statutes
of 1906 as amended by chapter 5698 Laws of 1907, the ques-
tion of the *necessity* for the erection of a court house in a
county is left entirely to the judgment and discretion of a
majority of the Board of County Commissioners, and where
the record shows that no notice has been given or published
as required by such section of the law to the effect that the
question of the erection of a court house would be taken up
and considered and acted upon by said board at their regular
meeting next after such published notice, and that at no such
meeting had it been determined by the majority of such
board that the erection of such building was necessary, but
on the contrary the majority of the board by their answer
to an alternative writ of mandamus show that in their judg-
ment it is inexpedient and unnecessary to erect such building
at the place named in the alternative writ, their judgment and
discretion in the matter will not be coerced or controlled by
mandamus under such circumstances.

This case was decided by Division B.

Writ of error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Richard McConathy*, for Plaintiffs in Error;

*J. B. Gaines*, for Defendants in Error.

TAYLOR, J.—On petition filed in the circuit court of Sumter county by the defendants in error as relators below against the plaintiffs in error constituting the Board of County Commissioners of said county, the following alternative writ of mandamus was granted and issued:

"THE STATE OF FLORIDA.

To W. D. Gamble, J. W. Caruthers, Thomas Bevill, Simeon C. Caruthers, and James L. Kilpatrick, the Board of County Commissioners of Sumter County, Florida, Greeting:

Whereas, it hath been made to appear to the Judge of the Circuit Court of the Fifth Judicial Circuit of the State of Florida, in and for Sumter County:

*That* M. A. Cassady, J. T. Williams and D. L. Belton, are citizens and taxpayers of the county of Sumter, and State of Florida, and registered voters of said Sumter county;

*That* W. D. Gamble, J. W. Caruthers, Thomas Bevill, Simeon C. Caruthers and James L. Kilpatrick, constitute the Board of County Commissioners of the county of Sumter, State of Florida;

*That* the Town of Sumterville is the county site of said county, and so has been for many years;

*That* on the 30th day of January, A. D., 1909, the court house of said Sumter county, situated in said town of Sumterville, was totally destroyed by fire.

*That* since the said 30th day of January, A. D., 1909, the said county of Sumter has been without a court house and without any buildings or other proper facilities for the holding of the terms of the circuit court required by law to be holden therein at the county site thereof, or for the safe care and preservation of the public records required by law to be kept at said county site, or for the proper and convenient transaction of the public business required by law to be there transacted;

*That* at the adjourned meeting of the said Board of County Commissioners held at said town of Sumterville on the 13th day of July, A. D., 1909, the said W. D. Gamble, J. W. Caruthers, Thomas Bevill, Simeon C. Caruthers and James L. Kilpatrick, constituting said Board, determined that it was expedient and necessary to erect a court house in and for said Sumter county, and gave notice that at the next regular meeting of said Board of County Commissioners to be held on the 2nd day of August, A. D., 1909, said Board would receive and inspect plans and specifications for the erection of such court house.

*That* at the said regular meeting thereof in August, A. D., 1909, the said Board of County Commissioners awarded a contract to F. M. Cleckler & Company, architects, to prepare and submit plans and specifications for such Sumter county court house;

*That* afterwards plans and specifications for the erection of such court house for Sumter county were presented to said Board of County Commissioners and at a special meeting thereof held on the 21st day of September, A. D., 1909, said Board appointed three of its members, to-wit, W. D. Gamble, the chairman thereof, and J. W. Caruthers and Thomas Bevill, to submit said plans and specifications to a consulting architect at Ocala,

Florida, on the 28th and 29th days of September, A. D. 1909;

*That* said committee did so submit said plans and specifications and accepted certain changes therein as suggested by said consulting architect and directed that said plans and specifications be changed accordingly, and your petitioners are informed and believe that the plans and specifications, changed as so required, have been delivered to said Board of County Commissioners;

*That* at the adjourned meeting of said Board of County Commissioners held at Sumterville aforesaid on the 13th day of July, A. D., 1909, said Board levied a tax of five mills per annum for five consecutive years for the purpose of building a court house at the county site of said Sumter county for said county;

*That,* notwithstanding the premises, and the duty of the said Board of County Commissioners to build a court house for said Sumter county at the county site thereof for the care and preservation of the public records and the transaction of the public business, the said Board of County Commissioners of Sumter County, Florida, has failed and refused to build a court house in and for said county and still fail and refuse so to do;

*Now therefore,* we being willing that full and speedy justice should be done in the premises, do command you, W. D. Gamble, and you, J. W. Caruthers, and you, Thomas Bevill, and you, Simeon C. Caruthers, and you, James L. Kilpatrick, and every of you, that you do forthwith meet and convene as the Board of County Commissioners of Sumter County, Florida, at Sumterville, and proceed to build a court house for Sumter county at Sumterville, the county site of said county in pursuance of and in accordance with the statute in such case made and provided; or that you appear before the Judge of our

Circuit Court sitting within and for the Fifth Judicial Circuit of the State of Florida, in the Circuit Court room in the court house at Ocala, Florida, on the 28th day of June, A. D. 1910, at 3 o'clock in the afternoon of said day, and show cause, if any you have, why you have not done so and have you then and there this writ."

To this alternative writ the respondents W. D. Gamble, J. W. Caruthers and Simeon C. Caruthers, answered as follows:

"Come now the defendants or respondents W. D. Gamble, J. W. Caruthers, Simeon C. Caruthers and constituting a majority of the Board of County Commissioners for the said county of Sumter, in the State of Florida, and for return and answer to the alternative writ of mandamus, herein issued against them on the seventeenth day of June, nineteen hundred and ten, and show to the court:

First: That these respondents are members of and constitute the Board of County Commissioners for the said county of Sumter.

Second: That as alleged in said writ the court house for the said county of Sumter was destroyed by fire;

Third: That subsequent to the destruction thereof the said Board of County Commissioners provided suitable temporary quarters for the transaction of the public business of the said county, in the town of Sumterville, the present county seat for said county; and that they fitted up same for its officers, and the said officers have since and are now occupying said quarters and therein transacting the business of said county; which said quarters are ample for the present business demands of the said county.

Fourth: That since the destruction of the said court house several elections have been held within the said

county to determine the location of a permanent site for the county aforesaid; that the first of said elections was held on the eighth day of July, 1909, that the second was held on the sixth day of January, 1910, and the third and last held on the sixth day of April, 1910.

That in the election of the eighth day of July, 1909, the towns of Sumterville, Webster and Coleman in said county were voted for, and that Sumterville received 132 votes, Webster received 389 votes, Coleman received 390 votes, and no town having received a majority of all the votes cast no election thereby resulted; that in the election held on the sixth day of January, A. D., 1910, the towns of Sumterville, Webster, Wildwood and Bushnell were voted for, and that therein Sumterville received 126 votes, Webster received three votes, Wildwood received 357 votes and Bushnell received 254 votes, and that no town in said election of January 6th, 1910, having received a majority of all votes cast no choice was thereby made; and that in the election held on the sixth day of April, 1910, the towns of Sumterville, Wildwood, Webster, Coleman and Bushnell were voted for, and that Sumterville received therein 84 votes, Wildwood 73 votes, Webster 427 votes, and Bushnell 123 votes, and that no town so voted for received a majority of the votes cast in the said election no choice of a county site was therein made. Attached are certificates of the results of the said elections so as aforesaid held.

Fifth: That on the        day of April, A. D., 1910, W. C. G. Kilgore, F. W. Markert and R. D. Gray, citizens of the town of Wildwood within the said county of Sumter, in said State, filed in this honorable court their bill in chancery against the said Board of County Commissioners sitting as a canvassing board of the election returns from the said election held on the sixth day of Jan-

uary, A. D., nineteen hundred and ten, wherein it was alleged among other things that in the election precinct of Center Hill being election Precinct No.        of the said county of Sumter, a large number of votes were illegally cast by persons not qualified to vote within the said election; that because of the votes cast by the said illegal voters within said precinct of Center Hill, the, face of the returns of said election showed that no election had been had of the place, whereas in truth and fact and but for the said illegal votes of persons not qualified to vote in said election of January 6th, 1910, the town of Wildwood was therein chosen as the permanent county site for the county seat of and for said county of Sumter, and praying that the said town of Wildwood be by this court declared to be the permanent county seat for the said county of Sumter as the result of the said election; that thereafter such proceedings were had in said cause that the said bill of complaint was ordered by this honorable court to be and the same was accordingly dismissed, from which said decision and opinion of the said court the said complainants aforesaid took and entered their appeal to the Supreme Court of the State of Florida, and that in the said Supreme Court the said matter of controversy is now depending and is undisposed of and undecided.

Sixth: These respondents further say that the election had and held on the said sixth day of January, A. D. 1910, was called and held by these respondents as the Board of County Commissioners for the said county of Sumter, in obedience to a writ of mandamus issued against them as such board by this honorable court; that as the result of the said election is still in doubt, and because of ample provisions having been made sufficient for the needs of the said county's business, it is impracticable and unrea-

sonable and against the interest and financial welfare of the said county of Sumter to now erect or be required to commence the erection of a permanent structure or building as is contemplated and sought by the said alternative writ, and these respondents aver that such is a sufficient reason and cause for the non-action complained of by the said petitioners;

Seventh: Respondents further say that no committee from this board, nor did these respondents as such board or otherwise accept or adopt any plans and specifications, nor did respondents or any one or more of them as a committee from said Board of County Commissioners or otherwise receive, adopt or accept any changed or altered plans and specifications for a court house as is alleged in said petition, and respondents have not levied a five mill tax per annum for five consecutive years for the purpose of building a court house for the said county of Sumter;

Eighth: Further these respondents say that having provided suitable buildings for the transaction of the public business of the said county, ample for the occupancy of its officers, sufficient for the holding of the terms of the circuit court therein, and having provided vaults for the preservation of the records of said county, no necessity exists for the erection of a court house in the immediate future as is alleged in the said petition.

Having fully answered these respondents pray to be dismissed."

The defendants Thomas Bevill and James L. Kilpatrick answered as follows:

"The separate answer of Thomas Bevill and James L. Kilpatrick to the writ of alternative mandamus issued against W. D. Gamble, J. W. Caruthers, Simeon C. Caruthers, and the respondents, the said Thomas Bevill and

. James L. Kilpatrick, constituting the Board of County Commissioners of Sumter County, on the relation of M. A. Cassady, J. T. Williams and D. L. Belton.

These respondents answer and say that they admit ˙that the matters and things in the said writ of alternative mandamus, and each and every thereof, are true as therein alleged; except as hereinafter set forth, that is to say: that these respondents are now, and at all times since the burning of the court house at Sumterville, as in said writ set forth, have been ready and willing to proceed to and to build a court house at Sumterville, the county site of said Sumter county, but being a minority of said Board of County Commissioners they have been unable so to do.

And these respondents submit the matters and things involved in this cause to this honorable court, and are ready and willing to perform and obey the directions and orders of the court in the premises."

The relators moved the court as follows:

"Now come the relators, by J. B. Gaines, their attorney, and move the court to strike the fourth paragraph of the return of W. D. Gamble, J. W. Caruthers and Simeon Caruthers:

And move to strike the fifth paragraph of the return of said respondents.

And move to strike the sixth paragraph of said return of said respondents.

Because said paragraphs set forth no matters relevant to the issue in this cause.

And the relators further move to quash said return because

1st, Said return sets forth no sufficient facts to avoid the allegations of the alternative writ.

2nd, That the holding of former elections without result . is no reason in law for failure to build a court house.

3rd, That the pendency of a cause in court, not between the same parties nor involving the same issues is not suffi cient in law to excuse the failure to build a court house.

4th.    Because said return is evasive, uncertain, and is argumentative.

5th, That said return is insufficient in law to be replied unto."

On this motion the Judge rendered the following order and judgment:

"This day come the parties by their attorneys, and thereupon the matters of law arising upon the relators motion to quash the return of W. D. Gamble, J. W. Caruthers and Simeon C. Caruthers, being argued, it seems to the court that the said return and the matters therein contained, is not a sufficient answer in law to the alternative writ issued herein as amended.

Therefore, it is considered that a peremptory writ be awarded directed to the said W. D. Gamble, J. W. Caruthers, Thomas Bevill, Simeon C. Caruthers and James L. Kilpatrick, commanding them that they forthwith meet and convene and reassemble as the Board of County Commissioners of Sumter County, Florida, at Sumterville, and proceed to build a court house for Sumter county at Sumterville, the county site of said county.

And that what they shall have done in obedience to said writ they make known to our circuit court of the fifth judicial circuit of the State of Florida, in° and for Sumter county, on the 11th day of July next, in writing, to be filed in the office of the clerk of said court; and that thereafter, and on the first Tuesday after the first Monday in each and every month thence ensuing until the 1st day of March, A. D., 1911, they make known to the said court,

in writing to be filed in the office of the clerk thereof, what further they shall have done in obedience to said writ;

And that they do perfectly execute said writ on or before the 1st Monday in March, A. D. 1911; and that how they shall have executed said writ they make return to our said court on that day, in writing to be filed in the office of the clerk of said court.

Done and ordered at Chambers at Ocala, Florida, this 2nd day of July, A. D., 1910."

The respondents bring this judgment here for review by writ of error and assign the said order as error.

The court below erred in making this order. Section 808 of the General Statutes of 1906 as amended by chapter 5698 Laws of 1907, provides as follows: "Whenever any Board of County Commissioners shall deem it necessary to erect any court house or jail, they shall give notice for thirty days in some newspaper published in said county, or in some newspaper published in the Judicial Circuit, if there be none published in the county, that at the next regular meeting of the Board after the publication of the said notice, the question of erecting a court house or jail or both, will be acted upon by said Board. If, at any said meeting, a majority of said Board shall determine that it is necessary to erect such building or buildings, they may levy a building tax not exceeding five mills per annum, for five consecutive years in lieu of all other county building tax. The tax so levied shall be assessed and collected at the same time and in the same manner as other State and county taxes are levied and collected."

In 2 Sutherland on Statutory Construction, section 640, we find the rule of construction laid down as follows: "Whether merely permissive or imperative depends on the

intention as disclosed by the nature of the act in connection with which the word is employed and the context."

Another well settled rule in mandamus is laid down in section 33 of Merrill on Mandamus, as follows: "When the duty is not mandatory, but the officer or body is allowed a discretion as to when the ministerial act shall be performed, or whether it shall be performed at all, such performance will not be  enforced by the writ of mandamus."

Taking the whole of said quoted section of our statute law into consideration we cannot escape the conclusion that the question of the *necessity* for the construction of a court house in a county is left entirely to the judgment and discretion of a majority of the Board of County Commissioners.  The quoted section starts out with the proposition that "whenever any board of county commissioners shall deem it necessary to erect any court house" * * * then provides for a published notice for thirty days that they would act upon such question at their meeting next after such published notice.  Why this notice?  It is to give the people of the county an opportunity to appear and discuss with the board the necessity of construction of a court house and other matters connected therewith. Then the quoted section proceeds to provide that, "if at said meeting a majority of said board shall determine that it is necessary to erect such building or buildings then they may levy a tax for such purpose."  This is tantamount to saying that if the majority of such board should then determine that it was not then expedient or necessary to construct such building, then they should not have the power to levy the prescribed tax for same.  And that is precisely the case presented by this record.  No notice has been given that the question of building a court house would be acted upon, and a majority of the board

at a regular meeting next after any such published notice have not determined that the building of a court house is necessary at this particular time, but on the contrary the majority of the board by their answers show that it is in their judgment inexpedient and unnecessary at this time to construct such building at Sumterville—and this being true we do not think that their judgment and discretion in the matter can be controlled, under the circumstances in this case, by the writ of mandamus. We have not overlooked the case of State ex rel. C. B. McClenny v. County Commissioners of Baker County, 22 Fla., 29, and we find no fault with the abstract proposition there laid down to the effect that when the duty of erecting such buildings is imposed by law, and these officers refuse to act it is the proper function of the writ of mandamus to compel them to act—but while this utterance in that case was purely *obiter dictum,* still the statute under construction in the instant case was not mentioned, discussed or construed therein; and from the viewpoint of this statute have the relators shown by their alternative writ that it was clearly the duty of the respondent board under the law to erect this court house at this particular time and place? We do not think that they have, and the judgment of the circuit court in said cause is hereby reversed with directions to dismiss the writ, at the cost of the relators.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.