JACKSONVILLE TERMINAL COMPANY, A CORPORATION, AND JAMES C. BLANTON, *Plaintiffs in Error,* v. SAMUEL A. MILLNER, SUING FOR HIMSELF AND THE PUBLIC AT LARGE, *Defendants in Error.*

Opinion Filed October 22, 1920.

Where a common carrier in making and executing a contract violates its legal duties to its patrons, and a remedy therefor is

afforded by law through action taken by the Railroad Commissioners or through proceedings to annul the contract if found to be *ultra vires*, a writ of mandamus to compel a disregard of the contract will not be granted.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*John E.* and *Julian Hartridge,* for Plaintiffs in Error;

*Reynolds & Rogers,* for Defendants in Error.

WHITFIELD, J.—A peremptory writ of mandamus was awarded by the Circuit Judge for Duval County, commanding the terminal company and its superintendent,

"First, to receive, accept and keep in the baggage room at the union depot in Jacksonville, Florida, the personal baggage of all persons presented by any drayman or transfer agent when marked by an identification tag attached by such drayman or transfer agent, upon the same terms, conditions and in a similar manner as you receive, accept and keep the personal baggage of persons presented by any other drayman or transfer agent.

"Second, to issue railroad baggage checks to all passengers for their baggage when they shall present to the employe of you, the said Jacksonville Terminal Company, or to the employe of you, the said James C. Blanton, acting as superintendent of said depot, engaged in the duty of issuing such railroad checks at the checking-room in the union depot in Jacksonville, Florida, their railroad tickets and also the duplicate of the identification tag

attached to said baggage when delivered at said baggage room.

"Third, to cease and desist from requiring any passenger presenting such railroad ticket and duplicate identification tag issued by any drayman or transfer company or agent to identify his baggage in any manner other than by surrender of such tag, or to pay a fee or charge, as a condition for the issuance of such railroad baggage check.

"Fourth, and that you make due return to this court in compliance with this writ; and herein you shall fail not."

A writ of error was taken and briefs were filed on the merits.

Without considering the propriety of the parties to the proceeding, the application of the writ appears to be mistaken.

The particular acts commanded are not specifically required by a statute or by the common law so as to warrant judicial action without reference to other tribunals having cognizance in the matter; and if a legal duty exists in the premises by reason of abuses, unjust discriminations or excessive charges in "furnishing facilities," for the "convenience and proper accommodation of passengers" or in other matters covered by the statutes, relative to the regulation of common carriers, the duty depends upon the application of general provisions of statutes to particular facts, as to which the Railroad Commissioners are given authority, and the courts will not anticipate the action of that tribunal. State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, text 687,

VOL. 80, JUNE TERM, 1920.    605

Jacksonville Term. Co. et al. v. Miller—Opinion of Court.

44 South. Rep. 213; State *ex rel.* Sunday v. Richards, 50 Fla. 284, 39 South. Rep. 152.

If the discrimination complained of is the product of an *ultra vires* contract, the State has its appropriate remedies. See 22 R. C. L. 677.

In State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 689, 44 South. Rep. 223; State *ex rel.* Attorney General v. Atlantic Coast Line Ry., 52 Fla. 646, 41 South. Rep. 705, and similar cases, no other tribunal had authority in the premises, and the Attorney General of the State was the relator.

While the powers of the Railroad Commissioners are purely statutory, the statutes conferring powers on them contain provisions that are predicated upon the common law duties of common carriers as well as provisions imposing duties upon carriers not covered by the common law. The common law forbids unjust discriminations by common carriers in rendering public service, but it does not impose duties as to the erection of depots at particular points by the joint action of unrelated corporations. Statutory powers as to the former class of duties may be general, while those relating to the latter class should be explicit and definite.

In State *ex rel.* Burr v. Jacksonville Terminal Co., 71 Fla. 295, 71 South. ,Rep. 474, the particular power asserted by the railroad Commissioners has no relation to the common law duties and depend entirely upon the specific terms of the statute.

If the discrimination alleged in this case is predicated upon violation of a common law duty that is covered by the general or specific powers conferred upon the Railroad Commissioners, application should be made to them

for relief. See State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, text 688, 44 South. Rep. 213.

The judgment awarding the peremptory writ of mandamus is reversed and the cause is remanded with directions to dismiss the alternative writ of mandamus issued herein.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.