J. B. COEN v. J. M. LEE, as Comptroller, *et al.*

156 So. 747.

Opinion Filed November 13, 1933.
On Rehearing October 5, 1934.

*Whitaker Brothers,* for Appellant;

*Cary D. Landis,* Attorney General, *Robert J. Pleus* and· *H. E. Carter,* Assistants, for the State.

WHITFIELD, J.—In a suit by a taxpayer, the Circuit Judge granted and subsequently dissolved a temporary restraining order enjoining the State Comptroller and his employees from proceeding with an examination into the affairs of the financial department of the City of Avon Park, Florida, under the authority and direction of the Governor, pursuant to Section 3089 (1956) Compiled General Laws, 1927.

This appeal is from the order dissolving the temporary· restraining order.

The controlling questions presented are whether the provisions of Section 3089 (1956) Compiled General Laws, 1927, authorizing an examination into the affairs of the. financial department of the city government by State au-

thorities, violates constitutional provisions contained in Section 8 of Article VIII; whether the statute confers upon the Comptroller and his employees judicial powers in violation of Section 1, Article V; whether the provisions of the statute imposing upon the city the expense of the examination violates Section 5 of Article IX; whether the examinations made under the statutes are such governmental functions as to make the examiners appointed by the Comptroller under the statute officers who should be appointed by the Governor under Section 27 of Article III; whether under Section 24 of Article III the enumeration of the city officers and their duties in the Charter Act of 1927, does not repeal the prior enacted Section 3089 (1956) Compiled General Laws, 1927; and whether the enforcement of the statute in this case is so useless and arbitrary as to violate appellant taxpayer's organic property rights.

"Illegal action taken by State officials may be enjoined when the ordinary remedies afforded by courts of law are inadequate." Sparkman v. Co. Budget Com. et al., 103 Fla. 242, 244, 137 So. 809.

The creation of municipal corporations with governmental powers and the establishment and regulation of municipalities are inherent legislative powers and such powers are plenary in the absence of organic restrictions.

Under the territorial government of Florida and until 1861, the territorial legislative council and the State legislative "General Assembly" under the constitution of 1838, exercised the inherent power of the law-making body to enact laws creating and regulating municipalities without express organic restraints.

Section 24, Article 4, Constitution of 1861, and Section 20, Article 4, Constitution of 1865, required the enactment of general laws for the incorporation of towns and forbade special laws on that subject.

The Constitution of 1868 contained the following:

"The Legislature shall establish a uniform system of county, township, and municipal government." Section 21, Article 4.

"The Legislature shall provide by general law for incorporating such municipal, educational, agricultural, mechanical, mining, and other useful companies or associations as may be deemed necessary." Section 22, Article 4.

. "The Legislature shall not pass special or local laws * * * regulating * * * municipal business" or " the election of * * * municipal officers." Section 17, Article 4.

Such "laws shall be general and of uniform operation throughout the State." Section 18, Article 4.

It has been held that the above provisions of Article 4 of the Constitution of 1868 forbade local or special laws respecting municipalities but did not forbid proper classifications of municipalities for general legislative regulation. See State *ex rel.* v. Stark, 18 Fla. 255; *Ex Parte* George S. Wells, 21 Fla. 280; Town of Enterprise v. State, 29 Fla. 128, 10 So. 740. 149 So. 413. State *ex rel.* v. Avon Park, 108 Fla. 641, 149 So. 409.

, The constitution of 1885 is a revision of the constitution of 1868 and to make it clear that a complete change was intended to be made in the organic law respecting legislation concerning municipalities, the constitution of 1885 not only by its Section 24, Article III, expressly recognizes the power of the Legislature in the absence of organic prohibitions or limitations, to enact special or local laws as well as general laws respecting municipalities, but there is incorporated in the organic law of 1885, Section 8, Article VIII, which expressly states that

"The Legislature shall have power to establish, and to abolish, municipalities, to provide for their government, to

prescribe their jurisdiction and powers, and to alter or amend the same at any time."

The power of the Legislature respecting municipalities as stated in Section 8, Article VIII, is merely declaratory of legislative power that exists if not restrained by organic law, and does not take from the Legislature its inherent power to provide for supervision over the municipal corporations established by law. This power of supervision over municipalities may be exercised through administrative State officers and their lawful employees, *within the limitations prescribed by law,* to the end that municipal abuses may be prevented and corrected without unduly encroaching upon the rights of citizens or upon the lawful exercise of municipal functions by the officers provided for that purpose. Section 3089 (1956) Compiled General Laws, 1927, does not violate Section 8, Article VIII of the State constitution.

The Charter Act of the City of Avon Park enumerates the officers for the city government and prescribes their duties; but the Charter Act is not inconsistent with Section 3089 (1956) Compiled General Laws, because the two Acts have distinct and separate spheres of operation and do not conflict in their purpose or provisions.

While the Charter Act relates to municipal existence and government, the other Act provides for State administrative supervision of the affairs of the financial department of the municipality. There being no inconsistency in the Acts, Section 24, Article III, requires that the general law shall be operative, therefore it is not repealed or superseded as to the City of Avon Park by the Charter Act.

Section 5, Article IX, Constitution, provides that "the Legislature shall authorize the several counties and incorporated cities and towns in the State to assess and impose taxes

for county and municipal purposes, and for no other purposes."

State administration supervision of municipal financial affairs may fairly be regarded as a municipal purpose in that the supervision is to conserve the municipal finances and the rights of the municipal taxpayers; therefore, in view of the power of the Legislature to supervise municipalities, a proper statute may, *within appropriate limitations,* require the municipality to pay the necessary and reasonable expenses of State administrative supervision of the financial affairs of the city, in which the State has an interest for the general good, without violating Section 5, Article IX of the Constitution, 44 C. J. 1265. See County Commissioners v. Pilot Commissioners, 52 Fla. 197, 42 So. 697, 120 Am. St. Rep. 196.

The statute authorizes the Comptroller to appoint "some competent person or persons" to make the required examinations. Such appointed examiners have no judicial or other official functions to perform. They are ministerial agents of the Comptroller and act for him, in making the examinations and reports required by the statute. Authority to administer oaths conferred by statute do not make such examiners officers under Section 27, Article III, Constitution.

The statute contains the following:

"The Comptroller and every such examiner appointed by him shall have power to administer an oath to any person whose testimony may be required on any such examination, and to compel the appearance, attendance and testimony of any such person for the purpose of any such examination, and the production of books and papers." Section 3089 (1956) Compiled General Laws, 1927.

If such provision violates any provision or principal of

organic law, it may be regarded as eliminated without impairing the operation of the remainder of the law.

Under Section 24, Article IX of the Constitution. "The Comptroller shall examine, audit, adjust and settle the accounts of all officers of the State and *perform such other duties as may be prescribed by law.*"

It is appropriate that such a constitutional State officer should be given limited supervisory authority over municipal financial matters.

The Governor may act as contemplated by the statute with or without a petition from the taxpaying electors of a municipality; and it is the duty of the Comptroller to perform in a lawful manner functions prescribed by the Statute when he is duly directed to do so by the Governor.

Since the State has authority to provide by statute for administrative supervision of municipal financial affairs to conserve the rights of taxpayers and for the general welfare, and to require the municipality to pay the reasonable expense of such administrative supervision, no organic property rights of a taxpayer are violated by such a statute when properly framed and duly executed; and if property or other rights are violated by an unlawful execution of the Statute, the law affords a remedy by due course of judicial procedure.

The fact that the municipality has had its financial affairs audited does not prevent the lawful operation of the statute. Nor does a duly authorized expense of the examination required by the statute violate any rights of a taxpayer.

The statute is designed to accomplish a lawful supervisory authority over the financial affairs of municipalities and it should be so construed as to make it conform to the provisions and limitations of organic law, for it must be assumed that the Legislature intended the enactment of a valid law to be lawfully enforced.

Unlimited authority to perform official functions as may be desired by the officer or to incur expenses against the State or municipality, cannot lawfully be conferred upon any officer.

It is clear therefore that the authority conferred by the statute upon the Governor "to authorize and direct the Comptroller by himself, or by some competent person or persons appointed by him, to examine into the affairs of the financial department of any municipality within this State," limits the authority of the Comptroller to such examinations of the affairs of the financial department of the city, with the assistance of such competent persons as he may lawfully appoint whose compensation is provided for by law, within definite limitations. Unauthorized or unlimited expenses cannot be incurred by the Comptroller or by any one in making the prescribed examinations, whether proper and duly authorized expenses are to be paid by the State or by the municipality.

The provision of the Statute that "the expenses of any such examination shall be paid by said municipality," contains no limitations whatever upon the amount of expenses that may be incurred in making the required examinations; therefore such quoted provision is inoperative against the city in the absence of a limitation in another statute, where, as here, there is no statutory authority to fix the compensation of the "competent person or persons" to be appointed by the Comptroller under the statute. See State ex rel. v. Green, 95 Fla. 117, 116 So. 66. In County Commissioners v. Pilot Commissioners, 52 Fla. 197, 42 So. 697, the statute provided that the County Commissioners "shall audit and pay the expenses of the Board of Pilot Commissioners which shall be incurred under this section, as other charges against the county are audited and paid." The quoted provision is not an unlimited requirement to pay expenses as in this case.

The bill of complaint alleges that the Comptroller "is proceeding to cause an examination and audit to be made into the financial affairs of the City of Avon Park for the past six years by a certified public accountant, to-wit, the defendant, C. A. Edwards, who has been employed by said defendant, Lee, for said purposes, and that in pursuance of the directions of the said Comptroller, the said Edwards is now proceeding to audit the books and records showing the financial affairs of said municipality for many years past; that said work of necessity will be expensive to your orator, as well as the other taxpayers of said municipality."

These allegations that the examination under the statute is to be made "by a certified public accountant" "who has been employed by said defendant, Lee, for said purpose," indicate that such person is not an appointee of the Comptroller whose compensation is fixed and authorized by law, but that he is "a certified public accountant," employed by the Comptroller for the particular examination here considered without being appointed with proper safeguards as the representative of the Comptroller. Such employment is not contemplated by the statute, and no other law is adduced warranting such an employment.

Under the statute "the Governor shall have power to authorize and direct the Comptroller by himself, or by some competent person or persons appointed by him, to examine into the affairs of the financial department of any municipality within the State * * * and the expenses of any such examination shall be paid by said municipality." But to make "the expenses of any such examination a lawful expenditure" which "shall be paid by said municipality" the compensation of the "person or persons appointed by" the Comptroller to make the examinations must be fixed or in some way limited by law, otherwise the city would be sub-

ject to an unlimited indebtedness which is not contemplated by the Constitution. If the "competent person or persons" appointed by the Comptroller to make the statutory examinations, be among the appointees, agents or employees of the Comptroller whose appointment is duly authorized and whose compensation is fixed or limited by law, such regulated compensation for service duly rendered in making the examination, together with the incidental expenses allowed by law, when duly audited become authorized expenses which under the statute "shall be paid by the municipality."

For the reasons last above stated the injunction should have been modified and not vacated. The order is reversed and the cause remanded to reinstate and modify the injunction in accordance with this opinion.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J. concur.

### ON REHEARING.

PER CURIAM.—After a rehearing and reargument of this cause following the opinion in this case filed on November 13, 1933, a majority of the Supreme Court, while not receding from the opinion already rendered nor the conclusion heretofore expressed in this case, insofar as same has been applied to the present controversy now before this Court, nevertheless will leave open for future reconsideration and determination in a proper case requiring a decision of that question, whether or not the statute attacked in this case will support a recovery against a municipality to pay the expenses of examinations made pursuant to Section 3089 (1956) Comp. Gen. Laws.

Order of reversal as heretofore entered adhered to and cause remanded for further proceedings in accordance with judgment heretofore entered on November 13, 1933.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., coucur.

BUFORD, J., adhered to the views stated by him in opinion filed Nov. 13, 1933.