CITY OF MIAMI BEACH, a municipal corporation in Dade County, Florida, *et al.,* v. STATE OF FLORIDA, *ex rel.* EPICURE, INC., a Florida corporation.

4 So. (2nd) 116
Division A
Opinion Filed October 7, 1941

256

*J. Harvey Robillard* and *L. A. Schroeder,* for Plaintiffs in Error;

*Robert C. Lane,* for Defendant in Error.

ADAMS, J.—This appeal was taken by the City of Miami Beach from an order granting a peremptory writ of mandamus.

Defendant in error instituted an action of mandamus against the City of Miami Beach to coerce the issuance of a license to sell liquor. The amended alternative writ revealed that the *locus in quo* was zoned against the sale of liquor. Relator alleged however, that he expended a great amount of money for lease of the premises and bar equipment upon the assurance being given by a majority of the City Council that the zoning restriction would be altered to allow him to procure a license. It is also claimed that the zoning ordinance is void in that it is arbitrary, unreasonable and unduly restrains relator in the use of his property.

Pending the proceedings the lower court granted an auxiliary writ commanding respondent to conduct a public hearing on relator's application as required by City ordinance No. 406 and exercise their discretion by granting or refusing the license. Thereupon respondent answered the auxiliary writ making a part of the answer transcript of testimony pro and con and their action refusing the license. Additional

testimony was taken before the circuit court and peremptory writ ordered.

The only question before us is whether mandamus is the proper remedy. The scope and purpose of mandamus has many times been defined by this Court, hence we need not go elsewhere for guidance. Mandamus lies to enforce a ministerial act. A ministerial act is distinguished from a judicial act in that in the former the duty is clearly prescribed by law, the discharge of which can be performed without the exercise of discretion. If the discharge of the duty requires the exercise of judgment or discretion the act is not ministerial and mandamus will not lie. Mandamus will not issue in case of doubt. The relator's right must be clear. State, *ex rel.* v. Rose, *et al.,* 123 Fla. 544, 167 So. 21; Towle v. State, 3rd Fla. 202; Florida C. & P. R. Co. v. State, 31 Fla. 482, 13 So. 103; State, *ex rel.* Board of Commissioners v. Helseth, *et al.,* 104 Fla. 208, 140 So. 655; State v. Richards, 50 Fla. 284; 30 So. 152; State v. Florida Coast Line Canal Co. 73 Fla. 1006, 75 So. 582; State v. Atkinson, 97 Fla. 1032, 122 So. 794; Gamble v. State, 61 Fla. 233, 34 So. 370; State, *ex rel.* Pinellas County, v. Sholtz, *et al.,* 115 Fla. 561, 155 So. 736.

Mandamus does not ordinarily lie where relator has another adequate remedy. This Court has held in State, *ex rel.* v. Rose, *supra*:

". . . But mandamus should not be resorted to when there is another adequate remedy. And when it comes to the matter of restraining the enforcement of a statute, ordinance or an administrative rule or order, claimed to be illegal, and to threaten irreparable injury to the complainant, the remedy by injunction is ordinarily appropriate and adequate.

See 14 R.D.L. 435-442; City of Gainesville v. Gas & Electric Power Co., 65 Fla. 404, 52 So. 919; Maxcy v. Mayo, 103 Fla. 552, 139 So. 121; Van Deman, etc., Co. v. Rast, 240 U.S. 342, 36 S.C. 370, 30 L. Ed. 679; Coen v. Lee, 116 Fla. 215, 156 So. 747."

In this case the trial judge substituted his judgment for that of the City Council. This we hold was improper in this form of action. The judgment is therefore reversed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.