44 So.2d 298 (1950)
CITY OF CORAL GABLES et al.
v.
STATE ex rel. WORLEY et al.
Supreme Court of Florida, Special Division B.
February 10, 1950.
*299 Edward L. Semple, Miami, for appellants.
Worley, Gautier & Cannon, Miami, Sam Bucklew, Tampa, and Nathan & Satin, Miami, for appellees.
PER CURIAM.
It appears by the record that the appellees-relators owned described property situated in the City of Coral Gables, Florida, which was zoned or classified by Ordinance No. 271 for single family residences. The owners applied to the city authorities for an order rezoning the property so as to permit the construction thereon of twofamily or duplex houses. On August 9, 1947, the Zoning Board and City Commission adopted Resolution No. 2905, which amended Ordinance No. 271 so as to permit the erection of duplex buildings on relators' property, but the city authorities on December 4, 1947, by Resolution No. 2927, rescinded Resolution No. 2905 previously adopted on August 9, 1947.
On March 3, 1948, the owners as relators filed their petition for an alternative writ of mandamus in the Circuit Court of Dade County, Florida, against the City of Coral Gables and alleged that the legal effect of Ordinance No. 271 was (a) confiscatory; (b) deprived them of the beneficial use of the property; and (c) denied them the enjoyment thereof as guaranteed by both the State and Federal Constitutions. It further alleged that Ordinance No. 271, in its application to the described property, was arbitrary, unreasonable and unconstitutional. An alternative writ issued and pursuant thereto the City of Coral Gables filed its motion to quash on grounds (1) the alternative writ nor the petition set out sufficient facts upon which to issue a peremptory writ of mandamus; (2) it affirmatively appears that mandamus is not a proper remedy.
Pursuant to notice and on April 13, 1948, the lower court entered its order overruling and denying the respondents-appellants' motion to quash, thereby holding that both the petition and alternative writ set out sufficient facts and that mandamus was the proper remedy to test the validity of the Zoning Ordinance and to command thereafter the issuance of a permit by the city to the relators authorizing the construction of the buildings as by them requested. An answer was filed by the respondents and testimony on the issues made was heard by the lower court. On final hearing an order was entered directing the issuance of a peremptory writ of mandamus in compliance with the terms of the relators' petition for mandamus. The respondents appealed.
*300 Counsel for respondents-appellants contend that mandamus was not the proper remedy to test the constitutionality of the Ordinance complained of as it applied to the property owned by the appellees but the invalidity thereof should have been raised by them in an equitable proceeding. We have heard many zoning cases in this Court and have approved the equitable remedy, but our holdings disclose that it is not exclusive.
In the case of State ex rel. Dixie Inn v. City of Miami, 156 Fla. 784, 24 So.2d 705, 706, 163 A.L.R. 577, we in part said:
"It is well established that mandamus is a legal remedy which is not awarded as a matter of right but in the exercise of sound judicial discretion, and then only when based upon equitable principles. It is not used to enforce or determine equitable rights. State ex rel. Perkins v. Lee, 142 Fla. 154, 194 So. 315. It may issue to coerce the performance of official duties where officials charged by law with the performance of a duty refuse or fail to perform the same. Overstreet v. State ex rel. Carpenter, 115 Fla. 151, 155 So. 926. The relator must establish a clear right to its issuance and further show that no other adequate remedy exists. State ex rel Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L.R.A.,N.S., 320, 12 Ann. Cas. 359.
"In the case of Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406, we held that a municipality on a proper showing, may be restrained from the arbitrary exercise of lawful powers conferred upon it by the Legislature, as such powers must be exercised in conformity with the organic rights of individuals. The courts usually will hold a zoning ordinance invalid when it clearly appears that the restrictions are arbitrary and unreasonable and have no substantial relation to health, safety, morals or the general welfare. See City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307; City of Miami Beach v. Texas Co., 141 Fla. 616, 194 So. 368, 128 A.L.R. 350; Ex parte Wise, 141 Fla. 222, 192 So. 872; Euclid [Ohio] v. Amber Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016, and similar cases. The illegality of zoning ordinances usually have been presented in equitable proceedings."
In the case of City of Miami Beach v. State ex rel. Epircure, Inc., 148 Fla. 255, 4 So.2d 116, in an opinion prepared by Mr. Justice Adams, we again pointed out that the restrictions of a zoning ordinance should be determined in an equitable proceeding. We in part said, text 148 Fla. 257, 4 So.2d 117:
"The only question before us is whether mandamus is the proper remedy. The scope and purpose of mandamus has many times been defined by this Court, hence we need not go elsewhere for guidance. Mandamus lies to enforce a ministerial act. A ministerial act is distinguished from a judicial act in that in the former the duty is clearly prescribed by law, the discharge of which can be performed without the exercise of discretion. If the discharge of the duty requires the exercise of judgment or discretion the act is not ministerial and mandamus will not lie. Mandamus will not issue in case of doubt. The relator's right must be clear. State ex rel. [Allen] v. Rose et al., 123 Fla. 544, 167 So. 21; Towle v. State, 3 Fla. 202; Florida C. & P.R. Co. v. State, 31 Fla. 482, 13 So. 103, 20 L.R.A. 419, 34 Am.St.Rep. 30; State ex rel. Board of Commissioners v. Helseth et al., 104 Fla. 208, 140 So. 655; State [ex rel. Sunday] v. Richards, 50 Fla. 284, 39 So. 152; State [ex rel.] v. Florida Coast Line Canal Co., 73 Fla. 1006, 75 So. 582, L.R.A. 1917F, 776; State [ex rel. Trustee Realty Co.] v. Atkinson, 97 Fla. 1032, 122 So. 794; Gamble v. State, 61 Fla. 233, 34 So. 370; State ex rel. Pinnellas County v. Sholtz, et al., 115 Fla. 561, 155 So. 736.
"Mandamus does not ordinarily lie where relator has another adequate remedy. This Court has held in State ex rel. v. Rose, supra:
"`* * * But mandamus should not be resorted to when there is another adequate remedy. And when it comes to the matter of restraining the enforcement of a statute, ordinance, or an administrative rule or *301 order, claimed to be illegal, and to threaten irreparable injury to the complainant, the remedy by injunction is ordinarily appropriate and adequate. * * *"
Mandamus is a legal remedy which is not awarded by the court as a matter of right but only in the exercise of sound judicial discretion, and then only when based on equitable principles. For example, if, upon an examination of the ordinance and the charter of the City of Coral Gables, it should appear that the charter of the city and the applicable general law did not permit or authorize the enactment of Ordinance No. 271, then the ordinance on its face would appear invalid and the issuance of the desired permit may be controlled in an appropriate action of mandamus. Mandamus may be the appropriate remedy perhaps under certain conditions and circumstances. But we have here an entirely different picture when the ordinance on its face appears valid and the taking of testimony is required to establish facts showing Ordinance No. 271 to be unreasonable, arbitrary or unconstitutional in its application to the property of the relators-appellees. If the evidence adduced so justifies, a court of equity may permanently restrain or enjoin the enforcement of the unreasonable, arbitrary or unconstitutional ordinance.
The City of Coral Gables, by motion to dismiss, contended that mandamus was not the proper remedy but the court below overruled and denied the motion and this ruling is argued here on appeal and many of our adjudications cited to sustain the contention. It is our conclusion that the ruling was erroneous.
Reversed.
ADAMS, C.J., CHAPMAN and ROBERTS, JJ., and GERALD, Associate Justice, concur.