PER CURIAM.
This is an appeal by the plaintiff Jack Thompson from a final order denying an application for a writ of mandamus directed against the defendant Janet Reno, as State Attorney for the Eleventh Judicial Circuit in and for Dade County, Florida. The subject application, contained in a complaint filed below, sought the issuance of a writ of mandamus directing Janet Reno, as State Attorney, to file a civil action for the removal of one or more members of the Dade County Commission under Section 3.05 of the Dade County Charter, which provides:
“Neither the Board nor any of its members shall direct or request the appointment of any person to, or his removal from, office by the Manager or any of his subordinates, or take part in the appointment or removal of officers and employees in the administrative services of the county. Except for the purpose of inquiry, as provided in Section 1.01A(20), the Board and its members shall deal with the administrative service solely through the Manager and neither the Board nor any members thereof shall give orders to any subordinates of the Manager, either publicly or privately. Any wilful violation of the provisions of this Section by a member of the Board shall be grounds for his removal from office by an action brought in the Circuit Court by the State Attorney of this county.”
(emphasis added). We affirm.
Assuming without deciding that the plaintiff, as a concerned citizen, had standing to bring this action, we conclude that the state attorney’s decision to file a civil action under the above provision of the Dade County Charter is not, as urged, a ministerial duty — and, accordingly, a writ of mandamus does not lie to compel the state attorney to file such an action. See City of Miami Beach v. State ex rel. Epicure, Inc., 148 Fla. 255, 4 So.2d 116, 117 (1941). It is well settled that “[ujnder Florida’s constitution, the decision to charge and prosecute [for a criminal offense] is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute,” State v. Bloom, 497 So.2d 2, 3 (Fla.1986); indeed, the plaintiff has no quarrel with this long established rule of law. State v. Cain, 381 So.2d 1361, 1367 (Fla.1980); Johnson v. State, 314 So.2d 573, 577 (Fla.1975); Gasset v. State, 490 So.2d 97, 98 n. 1 (Fla.3d DCA), rev. denied, 500 So.2d 544 (Fla. 1986); Crews v. State, 366 So.2d 117, 118 (Fla. 1st DCA), cert. denied, 376 So.2d 70 (Fla.1979). We think the same rule is applicable to the state attorney’s decision to file a civil action when empowered to do so by law.
Contrary to the plaintiff’s arguments, we conclude that the above provision of the Dade County Charter does not mandate the state attorney to file a civil removal action; the decision to investigate and file such an action is a discretionary decision which cannot be controlled by a writ of mandamus. Indeed, any attempt to do so would be entirely unworkable — just as it would be *85 unworkable to control the state attorney’s discretionary decision to investigate and prosecute crime. If the voting public is dissatisfied with a state attorney’s performance of his or her prosecutorial and civil action responsibilities, it may vote him or her out of office; the courts, however, cannot and will not get in the business of directing the performance of the state attorney’s discretionary duties.
Affirmed.