# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2368
Lower Tribunal No. 21-19299

_____

**Brian A. Dupree,**
Petitioner,

vs.

**Shekina Dellmar a/k/a Shekina Dellmar-Donaldson,**
Respondent.


A Case of Original Jurisdiction – Mandamus.

Brian A. Dupree, in proper person.

No appearance, for respondent.


Before LOGUE, LINDSEY, and HENDON, JJ.

HENDON, J.

Brian A. Dupree ("Dupree") petitions for a writ of mandamus[1] directing the Miami-Dade Circuit Court to void, in its entirety, an April 8, 2021 Miami-Dade County Court order. We grant the petition for mandamus.

Dupree entered into a lease agreement with Shekina Dellmar a/k/a Shekina Dellmar-Donaldson ("Dellmar"). The lease agreement contained an option to purchase the leased property. At some point, Dupree and Dellmar agreed to cancel the purchase option and continue the lease. Dupree went forward with the intent to purchase the property upon expiration of the lease, to the point where both parties entered into a contract for the sale and purchase of the property. Subsequently, Dellmar allegedly failed to honor the contract for sale and purchase and terminated the lease. Dellmar filed an eviction action against Dupree in Miami-Dade County Court, demanding past due rent in the amount of $1,375 and possession of the subject property.

Dupree moved to dismiss the County Court action for lack of subject matter jurisdiction, asserting that he had a beneficial interest in the property

---

[1] "Mandamus will lie to compel performance of a clear legal duty." Sandegren v. State ex rel. Sarasota Cnty. Pub. Hosp. Bd., 397 So. 2d 657 (Fla.1981). The party seeking the writ must have a clear legal right to compel performance of the act. Jackson v. State, 802 So. 2d 1213 (Fla. 2d DCA 2002). The petitioner must have no other adequate, complete, or specific remedy. City of Coral Gables v. State ex rel. Worley, 44 So. 2d 298 (Fla. 1950).

by virtue of the contract for sale and purchase; the action was one for ejectment, rather than eviction, which was in the exclusive jurisdiction of the Circuit Court; and the sale contract was for an amount over the jurisdictional limit of the County Court.

On April 8, 2021, the County Court entered an order denying Dupree's motion to dismiss for lack of subject matter jurisdiction and granting Dellmar's motion to strike Dupree's notice of equitable beneficial interest in the property. The County Court additionally ruled on the validity of the lease agreement, voided the purchase and sales contract, ruled that Dupree's and Dellmar's relationship was one of landlord and tenant, and ordered Dupree to pay outstanding rent into the court registry. Dupree filed a petition for writ of prohibition in this Court.

This Court granted Dupree's motion for writ of prohibition, but withheld issuance of the writ to permit transfer of the matter to the Circuit Court. This Court held:

> The county court, therefore, erred in adjudicating any claim regarding Dupree's interest in the property and <u>in denying the motion to dismiss [for] lack of subject matter jurisdiction</u>. . . . Accordingly, the county court exceeded its jurisdiction in adjudicating issues related to Dupree's claims of an equitable interest in real property <u>and in continuing to exercise jurisdiction where none exists</u>.

3

Dupree v. Dellmar, 323 So. 3d 342, 344 (Fla. 3d DCA 2021) (emphasis added) (citations omitted).

Despite this Court's determination that the County Court lacked subject matter jurisdiction over the case, the Circuit Court on remand vacated only those parts of the April 8, 2021 order denying Dupree's motion challenging subject matter jurisdiction, striking his notice of assertion of equitable beneficial interest, and ruling on the status of the purchase and sales contract. The Circuit Court denied Dupree's motion to vacate the order in its entirety, upheld the remaining provisions of the County Court order, and reserved jurisdiction to rule on the issue of the funds Dupree had deposited into the court registry. We find this to be error.

As we indicated in our prior opinion, the County Court erred by "adjudicating any claim regarding Dupree's interest in the property and in denying the motion to dismiss [for] lack of subject matter jurisdiction," and "in continuing to exercise jurisdiction where none exists." Dupree, 323 So. 3d at 344 (emphasis added). Because the County Court lacked subject matter jurisdiction over any aspect of the case, we grant the petition for mandamus and remand to the Circuit Court to vacate, in its entirety, the County Court's April 8, 2021 order, and to determine what funds in the court registry remain

that were deposited by Dupree as a result of the void County Court order and to return those funds to him forthwith.

Petition granted; remanded with instructions.