THE STATE EX REL. YELVINGTON, APPELLANT, VS. M. R. COOPER, COUNTY JUDGE, APPELLEE.

1. The statute regulating appeals from orders and decrees of the County Court in Probate proceedings contemplates that the appeal shall be entered in writing by the party appealing. A mere verbal request made to the County Judge to enter an appeal in his minutes, furnishes no ground for a mandamus to compel the Judge to enter the appeal, if he neglects to comply with such request.

2. The County Judge may, in a spirit of accommodation, enter an appeal in writing at the request of a party, but it is not a duty enjoined by law. A judicial officer ought not to be made responsible for the sufficiency of pleadings and proceedings of parties.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*A. R. Meek* and *B. F. Roberts* for Appellants.

*C. M. Cooper* and *Calhoun & Calhoun* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Relator applied to the Circuit Judge of the Fourth Circuit for a mandamus to compel the County Judge to make an entry in his records that an appeal had been taken from the decree of said County Judge refusing to set aside the probate of a will on relator's application.

Relator alleges that on the day of the announcement of the decree, and in open court " his attorney requested the said Judge sitting as aforesaid to make an entry of the fact of his appeal in the docket of his court, whereupon the said Judge, sitting as aforesaid, informed and announced to said petitioner and his said attorney that he would make an entry of said appeal in the said final order, thereby making such appeal part of the record of said cause." That he had good reason to believe that his appeal was so entered, but after the expiration of the time for taking an appeal he ascertained that his appeal was not entered and the Judge refuses to enter the same.

An alternative writ was issued and the County Judge makes return that he does now refuse to enter an appeal in behalf of relator because neither the said Yelvington nor his attorney requested him to enter an appeal as alleged and he did not announce that he would enter such appeal.

He further says he was under no obligation in law to enter petitioner's appeal in said probate proceedings, but it was the duty of said petitioner to file with the County Judge his entry of appeal.

Relator took issue upon said return and the Circuit Court refused to grant a peremptory writ and dismissed the proceedings upon the ground that the return traverses the material allegations of the petitioner. From this judgment relator appeals.

Whether the order of the Circuit Court dismissing the writ upon the ground stated, to wit: that the return negatived the material allegations of the alternative writ, was regular or not, is immaterial, provided the allegations, if proved, are insufficient to sustain the proceeding. We think if the County Judge, who is the clerk of his own court, had refused to perform a ministerial duty, such as the filing of a paper or making an entry in his minutes or any similar act required by law, a mandamus would lie; and an issue of fact as to the thing required, (to wit: whether the paper was placed in his possession to be filed and he was requested and refused to do what the law required him to do,) is made to the return, the court should inquire further and determine the facts according to the practice of the courts in such cases. There is no judicial discretion or judgment of the County Judge sought to be controlled in such a proceeding.

But suppose the relator's allegations are true, do they entitle him to the writ? The act of 1868, (ch. 1627, McC. Dig., 328, §21,) regulating appeals from probate decrees provides that if an aggrieved party desires to appeal he may within twenty days "enter with the Judge of said court his appeal to the Circuit Court." By the next section he "shall cause a *copy* of the entry of appeal, which *he enters* with the Judge," to be served on the appellee within twenty days after its entry. There is here no express duty of the County Judge, unless it be to file a paper that may be left with him. To enter an appeal with the Judge, and to serve a "copy of the entry of appeal

which he enters with the Judge," means something more than a conversation held with the Judge in which he intends the Judge shall understand that he desires to appeal. Nothing is required of the Judge but to receive and file the entry of appeal, which " entry " is the act of the party and not of the Judge. It is not the Judge but the party who enters an appeal, and it is the party who must serve a copy of the entry of appeal which he enters with the Judge, on the appellee. If the appeal sought to be entered is a mere verbal statement to the Judge that the party appeals, it is difficult to conceive how a copy of his verbal *entry* can be served.

There is no consistent meaning of this statute but that the entry of appeal must be in writing and not a mere verbal notice which may be misunderstood or forgotten, in order to charge the Judge with a neglect of duty if he fails to make return to the appeal. A most familiar rule in cases of mandamus is that an officer cannot be proceeded against unless he has neglected or violated some duty enjoined or necessarily implied by the law regulating his duties. The act in question neither by express words or by implication requires the County Judge to make entry in any book of the taking of an appeal within twenty days. The appeal is complete when it is entered by the party. We see, therefore, no ground for charging him with neglect or refusal to do any act required of him by law.

Relator's counsel refer to the taking of appeals in the Circuit Court as regulated by the statute and the rules of court and seem to think an appeal in the Probate Court may be controlled by them. The statute regulating appeals from judgments of the Circuit Court says if the appeal be applied for in term time, " the application shall be made in open court and so stated by the clerk upon the record," and the rules prescribe a proper form of the entry to be made.

There is no such direction in the statute regulating the duties of the County Judge.

In what has been said above we are not to be understood that if an entry of appeal is made by the County Judge at the request of a party, such entry is not regular or effective. The Judge may, if he sees fit, draw up an entry of appeal for a party in a spirit of accommodation, but it is not a prescribed duty, and it is better that the Judge shall not be held responsible for the form or sufficiency of the pleadings and proceedings of parties litigating before him.

For the reasons herein stated the judgment of the Circuit Court is affirmed.