CORNELIUS JOHNS, JR., APPELLANT, VS. COUNTY COMMISSIONERS OF ORANGE COUNTY, APPELLEES.

1. The County Judge is the officer designated by statute to pass in the first instance upon the rewards allowed by Chapter 3763, laws of Florida, and until he has certified to the facts required by the statute the County Commissioners will not be compelled by mandamus to issue a warrant for the amount of the reward to a claimant.

2. Before relator can invoke the aid of the writ of mandamus he must show that all the requirements of the statute have been complied with, and that he is clearly entitled to the relief demanded.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*J. Hugh Murphy* for Appellant.

*J. D. Beggs* for Appellees.

MABRY, J.:

Cornelius Johns, Jr., by his attorney, J. Hugh Murphy, filed in the Orange County Circuit Court, on the 24th day of May, A. D. 1888, a petition for an alternative writ of mandamus to be issued against the County Commissioners of Orange county, Florida. In the alternative writ it is stated that the relator, Cornelius Johns, Jr., on the 5th day of ·March, A. D. 1888, exhibited the scalp of a wild cat to J. L. Bryan, County Judge of Orange County, and that said scalp was presented within ten days after the killing of said animal, and that said relator killed said wild cat in the county of Orange and State of Florida, and that the County Judge aforesaid issued to relator·the following certificate, viz:

STATE OF FLORIDA, ⎰
County of Orange. ⎱

I, J. L. Bryan, County Judge in and for the county and State aforesaid, do hereby certify that Cornelius Johns, Jr., has this day exhibited to me the scalp of a wild cat, which he represented as having been killed in the county and State aforesaid within the time prescribed by the statute. Witness my hand and seal of office, at Orlando, Florida, this 5th day of March, 1888.

J. L. BRYAN, County Judge.

Further, that relator on the 9th day of May, A. D. 1888, at a regular session of the Board of County Commissioners aforesaid, presented the above certificate and his account properly approved by the County Aditor for three dollars, the amount allowed by law for killing a wild cat, and requested said board to issue him a warrant on the County Treasurer for said amount, and that said board refused a warrant for the same, and still refuses to allow and pay the same, assigning as ground of refusal that the certificate of the County Judge is not made in accordance with law.

The respondents moved the court to quash the alternative writ on the following grounds, viz : 1st. Because the County Judge has not made a proper certificate to entitle the relator to the relief sought; 2nd. Because the statute requiring the payment of rewards for killing certain animals is unconstitutional; 3rd. Because the relator does not show that the Board of County Commissioners had satisfactory evidence to authorize the payment of the claim; 4th. Because mandamus is not the proper remedy for the relief sought, and for other causes. On this motion the court quashed the alternative writ, and relator appeals from this decision.

By an act of the Legislature—Chapter 3763, laws of Florida—a reward of three dollars is directed to be paid for killing a wild cat. The payment is to be made from the county treasury of the county in which the anima- is killed, upon the warrant of the County Commissioners. The third section provides that the person who

kills a wild cat shall exhibit its scalp to the County Judge of the county in which such animal is killed, within ten days after the killing; and upon the certificate of said Judge that the scalp has been exhibited in his presence, and within the time specified, the County Commissioners shall issue their warrant upon the County Treasurer for the payment of said reward. That the scalp of such animal was exhibited in the presence of the County Judge, and within ten days after the animal was killed, are facts required by the statute to be stated in the certificate upon which the County Commissioners are required to issue the warrant. In the certificate presented to respondents the County Judge certifies that relator presented to him the scalp of a wild cat which he represented as having been killed in Orange county, and within ten days from the time the scalp was presented. In part the judge certifies to what the relator represented to him in reference to the killing of the animal. Relator contends that as a matter of fact the County Judge could not know that the animal was killed within ten days from the time the scalp was presented, and the Legislature could not have required him to certify to this fact. The Legislature had the power to prescribe the conditions upon which this bounty should be paid, and the language of the act requires such a certificate. The County Judge is the officer designated in the statute to pass in the first instance upon such claims, and to him personally the claimant must present the scalp of the animal, and within the time when its appearance will

materially aid in determining when the animal was killed. He must, in the the exercise of a duty imposed by statute, make the certificate upon an inspection of the scalp and on such information as will satisfy him that the animal was killed within ten days of the time when the scalp was presented. The third section of statute was evidently designed to protect the counties against false and illegal demands arising out of such matters, and to prescribe the way in which said claims shall be authenticated before the warrant is issued by the County Commissioners. The County Judge should not withhold his certificate when a party has in good faith complied with the law and earned the reward. The recital in the certificate by the County Judge in the case before us, that relator represented that he had killed the animal within ten days of the time when the scalp was presented, does not show that the County Judge believed the statement to be true. We think the certificate presented was not sufficient to require the respondents to issue the warrant. Before relator can invoke the aid of the writ of mandamus he must show that he is clearly entitled to the relief demanded. State vs. Helmer, 10 Neb., 25. He has no right to compel respondents to issue the warrant in his favor until he has complied with all that the statute requires as conditions precedent to the accruing of his right to the warrant. Canova vs. Commissioners of Baker county, 18 Fla., 512; State *ex rel.* vs. Cooper, 20 Fla., 547. This he has not done, and hence the court did not err in quashing the alternative writ.

Without deciding upon the other points in the motion to quash, we think it proper to say that we do not impliedly concede that mandamus is the proper remedy in this case.

Judgment affirmed.