STATE, *ex rel.* ATLANTIC PENINSULAR HOLDING COMPANY, v. GEORGE O. BUTLER, Clerk of the Circuit Court of Palm Beach County.

164 So. 128.

Opinion Filed October 16, 1935.

Rehearing Denied November 19, 1935.

418

L'Engle & Shands, Edwin McCarthy, Jr., Wideman, Wideman & Wardlaw and Manley P. Caldwell, for Relator;

Cary D. Landis, Attorney General, H. E. Carter and J. V. Keen, Assistants, and Gregory & Towles, for Respondent.

CAMPBELL, Circuit Judge.—An alternative writ of mandamus issued from this Court. commanding the respondent

to permit the relator to forthwith upon the payment by him to the respondent as Clerk of the Circuit Court of Palm Beach County, Florida, of the face of the amount of a certain tax sale certificate No. 1149, described in the alternative writ, and interest thereon from and after the date of sale, and including the last day of February, 1934, together with a fee of fifty cents for the Clerk, for and on account of such certificate, to enter on the record of tax sales the redemption of such certificate, and to enter in the permanent record of tax redemptions the number of · such certificate, the date thereof, the full cash value thereof, the interest thereon, the date of redemption, and the name of the relator as the redeemer of such certificate, or that he show cause on or before the 14th day of March, 1935, why peremptory writ of mandamus should not issue.

The alternative writ alleges in substance that it is the owner of the lands described in the said tax sale certificate as also the owner of several other parcels of land, upon which tax sales certificates had been issued; that all State, county and district taxes of every kind and description assessed against said lands up to and including the year 1933 have been fully paid *except* State and county taxes for the year 1933; that the State and county taxes for the year 1933 upon all the lands described in the alternative writ of mandamus as belonging to the relator were not paid when due, and that said lands were accordingly sold for 1933 taxes on July 2, 1934, and were in each instance bought by, and in the name of, the Treasurer of the State of Florida, and sold to the State of Florida, and the tax sales certificates for such lands were issued to and in the name of the Treasurer of the State of Florida; that all of such tax sales certificates are still held for the Treasurer of the State of Florida. It is further alleged that on February 27, 1934,

the relator applied to the respondent as Clerk of the Circuit Court of Palm Beach County, Florida, to redeem relator's lands from the respective tax sale certificates described in the alternative writ of mandamus, and that it then and there tendered to the respondent as such Clerk of the Circuit Court of Palm Beach County, in lawful money of the United States the face amount of one of the described certificates together with the interest thereon at eighteen (18) per centum per annum, from the date of sale to the date of the tender, together with the fee of 50 cents for the Clerk on account of such certificate; that at the same time and place the relator requested the respondent as such Clerk, with respect to such tax sale certificate No. 1149, to receive and accept such money so offered and tendered in lawful money of the United States, and in consideration of the fee of 50 cents so tendered, to enter upon the record of tax sales the redemption of such tax sale certificate No. 1149, and also to enter upon his permanent record of tax sales and redemptions, the amount of said certificate, the interest thereon, the date of redemption, and the name of the relator as the redeemer of such certificate; that under the provisions of Section 9, Chapter 14572, Laws of Florida, Acts of 1929, the relator had the right, as owner of the land, to redeem the lands by paying the Clerk of the Circuit Court wherein such land is situated, the face of the certificate with the interest thereon at eighteen per centum per annum, together with the fee of 50 cents for the Clerk on each certificate so redeemed, and that under the provisions of Section 1, Chapter 15918, Laws of Florida, Acts of 1933, it was the duty of the respondent to enter on the record of tax sales the redemption of each certificate made through him and also to enter upon his permanent record of tax sales and redemptions the number of such tax sale certificate,

the amount of the face value of the certificate, the interest paid, the date of redemption and the name of the redeemer of the certificate; that the respondent refused to receive the amount tendered by the relator for the redemption of the land described in certificate No. 1149, and declined to enter such redemption and other data upon the records.

The respondent filed his motion to quash the alternative writ of mandamus, and later, on April 2, 1935, filed his answer or return to the alternative writ.

In his answer the respondent admits all the allegations of the alternative writ of mandamus, regarding the relator's ownership of the lands described, the official capacity of the respondent, the sale of the lands described for the taxes of the year 1933, and the issuance of the tax sale certificates for each parcel, to, and in the name of, the Treasurer of the State of Florida, particularly certificate No. 1149; he also admits that all the State and county taxes due upon the property had been paid *except* the State and county taxes for the year 1933. He further admits that the relator tendered him the correct amount of the face of certificate No. 1149, and the accrued interest thereon up to the date of the tender, and that it also tendered the 50-cent fee as alleged. The respondent in his answer *denies* that under the statutes of Florida the relator, as owner of the land, has the right to redeem same from tax sale certificates by paying the Clerk the face amount of tax sale certificates with the accrued interest thereon together with the fee of 50 cents for the Clerk; he also denies that for the fee of 50 cents he is required, as Clerk of the Court, to perform the duties prescribed in Section 1, Chapter 15918, regarding entries of redemption upon the tax sale record, and the permanent record of sales and redemptions, as alleged in the alternative writ; he admits his refusal to accept the tender of the

amounts as alleged in the alternative writ, and to permit the redemption of the certificate, because, as he alleges, the tender did not include a sufficient fee for *him*. He alleges that the fee charged by him, and which relator refused to pay, was:

"For: Search for oldest tax certificate .......... .50

"Receipt and certificate of redemption with seal ...................................... .50

"Redemption of tax certificate and record thereof ........................................... .50

"Total ............................................ $1.50"

It is alleged in the answer that the fees charged by the respondent were made pursuant to instructions issued by the Attorney General of Florida in April, 1934, in a pamphlet entitled "A Compilation of Statutes Governing Fees to Be Paid to County Officers."

To this answer the relator filed a demurrer, and also a motion for peremptory writ of mandamus notwithstanding respondent's return to the alternative writ of mandamus.

From the above resume of the substance and the statutes of the pleadings in the case it will be seen that the question now before the Court for determination is, what compensation is a Clerk of the Circuit Court permitted to receive under the laws of Florida for the services required of him in the redemption of lands from tax sales certificates held by the State of Florida?

It is the contention of the relator that the provisions of Section 9, Chapter 14572, Laws of Florida, Acts of 1929, fixes the compensation to be paid the Clerk of the Circuit Court for each certificate redeemed, and for all the services connected therewith, at 50 cents. It would seem from the

wording of the provisions of this section of Chapter 14572, that the fee to which the Clerk of the Circuit Court would be entitled *is* 50 cents. The title to this section is, *"Lands Sold May Be Redeemed."* The same title as is found to Section 770, Revised General Statutes, 985, C. G. L., of which Section 9, Chapter 14572, is amendatory. Section 770, Revised General Statutes, as also Section 9, Chapter 14572, seems to apply to the redemption of certificates held by individuals. In 1933 the Legislature of Florida passed Chapter 15918, which is entitled, "An Act to Amend Section 780 of the Revised General Statutes of Florida of 1920, the Same Being Section 1004 of Compiled General Laws of Florida, 1927, Relating to the Duties of Clerks of the Circuit Court as to Redemption of Tax Sale Certificates, and Reporting Same to the Comptroller of the State of Florida, and Making Distribution of Funds."

Section 1 of this Act provides as follows:

"In consideration of the fee of Fifty cents allowed the Clerk for each certificate *redeemed or sold and the fees for searches as provided in Section 799, Revised General Statutes of Florida of 1920* (the same being Section 1003, Compiled General Laws of Florida 1927) and the fee of one dollar for every tax deed issued containing the description of one certificate and ten cents for each additional description, when a deed is applied for, it shall be the duty of the Clerk to enter on the record of tax sales the redemption or sale of every tax certificate made through him, and also to keep a substantial book to be furnished by the Board of County Commissioners, as a permanent record of the office, a complete and full record of all sales and redemptions, giving the number of the tax certificate, the date of the tax certificate, the amount or proportionate amount of the face value of the certificate, the interest paid, the date of the sale or

redemption, the name of the holder or owner of the certificate and the disposition of the proceeds, with the date thereof, etc." (Italics supplied.)

From the above quoted portion of Section 1, Chapter 15918, Laws of Florida, Acts of 1933, it appears that the Clerk is to receive from an owner of property seeking to *redeem* land from tax sale certificates the fee of fifty cents *and* the fees for *searches* provided for in Section 799, Revised General Statutes. The fees provided for in Section 799, are thus by reference, made a part of the compensation the Clerk is entitled to receive, for the performance of the duties required of him in the redemption of lands from tax sales, in Section 1, Chapter 15918, Acts of 1933, *supra.*

Section 2, of Chapter 15918, provides for the repealing of all laws and parts of laws in conflict with Section 1. Therefore, if, as contended by the relator, Section 9, Chapter 14572, Laws of Florida, provided for fifty cents as the *sole* and *only* charge authorized for the Clerk of the Court to compensate him for performing the duties required of him in the redemption of a tax sale certificates, the passage of Chapter 15918, containing the provision for fee for searches, operates to repeal Section 9, Chapter 14572, insofar as it provides for fifty cents as the only fee that the Clerk shall receive for his services.

That Section 1, Chapter 15918, Acts of 1933, has reference to the redemption of tax sales certificates belonging to the State of Florida and issued in the name of the Treasurer of the State of Florida, is shown by the following provision of the Act:

"It shall also be the duty of the Clerk, without further compensation, to make within the first ten days of each month, and oftener if required, to the Comptroller, a report in detail as above, of all sales and *redemptions* in his office

during the previous month of · certificates belong to the State, etc."

We think, under the provisions of Section 1, Chapter 15918, *supra,* that the fee of fifty cents paid to the Clerk, *and* the fee of searches provided for in Section 779, Revised General Statutes (1003 Compiled General Laws) fix the compensation of the Clerk of the Circuit Court is entitled to in tax redemption of certificates belonging to the State of Florida.

Under Section 779, Revised General Statutes, Section 1003, Compiled General Laws, the Clerk is entitled to a fee of fifty cents for the search of the oldest tax certificate, and a fee of fifteen cents for each subsequent tax sale at which the same land was sold, or omitted from the tax rolls, in subsequent years.

To ascertain the then oldest tax sale certificate, and whether or not there were subsequent tax sales, or years in which taxes on the property had been omitted, a search was required. It is not disputed in the pleadings, that only the one search was necessary in *this* case, that is, the certificate for the sale for taxes of 1933, of the lands described. The respondent, in our opinion, was entitled to have the relator tender in addition to the fee of fifty cents for redemption, an additional fifty cents for the one search it appears he was required to make under the statute.

It is contended by the respondent that he is entitled to have tendered to him also an additional compensation for the writing and sealing of a receipt, a form of which was prescribed by the Comptroller, approximately ten years ago, and which he authorized the several Clerks of the Circuit Court of the State to give to a person redeeming lands from tax sale certificates which were held by the State, and which form has been, as alleged, in general use throughout the

State since that time. It is also claimed that the *Comptroller authorized* the several Clerks of the Circuit Court of the State to charge a fee for the writing and sealing of this certificate under Section 3085, Revised General Statutes of Florida, which fee was as follows: writing any paper, first 100 words, 20 cents, each additional 100 words and fraction thereof 10 cents, and affixing the seal to such receipt 10 cents, averaging, as the respondent alleges, approximately 50 cents for such receipt. We discover nothing in the statute referred to, nor in the statute as now amended by Section 1, Chapter 15918, Laws. of Florida, Acts of 1933, which required the respondent as Clerk of the Court to give a receipt unless it should be for his fees. If and when the relator pays the face amount of the tax sale certificate plus the accrued interest and the redemption fee and fees for searches, and proper entry is made on the record, as required, the tax sale certificate itself will be delivered to the relator and no receipt showing payment is necessary. Even if a receipt is necessary, it was evidently the intention of the Legislature that the fees named for redemption shall cover any necessary receipt. The only statutory requirement for redemption receipt is found in Sections 771 and 772, Revised General Statutes, Sections 986 and 987, Compiled General Laws. These sections refer specifically to redemption of lands from tax sale certificates held by individuals. This evidently provides for the receipt to be given by the Clerk to the owner of the tax sale certificate, pending the delivery of such certificate by the owner or holder of the certificate, for delivery to the land owner or person redeeming. We therefore hold that under the law governing the compensation a Clerk of the Court is authorized under the law to receive from one redeeming lands from tax sale certificates owned by the State of Florida, all the respond-

ent could have required the relator to pay for his services in the redemption of the certificate No. 1149, described in the alternative writ of mandamus, was 50 cents redemption fee and 50 cents for necessary search, aggregating the sum of $1.00.

From the conclusion reached by us we hold that the return or answer to the alternative writ of mandamus, if the motion to quash was abandoned, was a good return or answer to a bad alternative writ of mandamus, and that the demurrer to the answer and the motion for peremptory writ of mandamus notwithstanding the answer, which under our holding in the case of Lamb v. Harris, 91 Fla. 927, 108 So. 671, operates as a demurrer, admitting the allegations of the answer, properly pleaded, should be visited on the alternative writ of mandamus where the first error was committed. See Murphy v. Jacksonville, 18 Fla. 318; American Ins. Co. v. King Lumber Co., 74 Fla. 130, 77 So. 168; and many other cases decided by this Court.

We have held that a demurrer to a plea reaches the declaration notwithstanding demurrer to declaration has been overruled. See Johnson v. Pensacola, etc., R. Co., 16 Fla. 623; Sylvester v. Lichtenstein, 61 Fla. 441, 55 So. 282.

To entitle the relator to a peremptory writ of mandamus, the alternative writ must show that he has complied with every condition of the law entitling him to the performance of the official acts demanded. See State v. Cooper, 20 Fla. 547; Johns v. Orange County, 28 Fla. 626, 10 So. 96.

In this case, before the relator could demand that it be permitted to redeem the lands from the tax sale certificate described he was required to have tendered the fees aggregating $1.00 as above stated. The alternative writ of mandamus affirmatively showing that the proper fees were not tendered, the respondent was not required to permit the

redemption of the certificate nor to perform the duties attendant thereon as demanded.

It is therefore considered and ordered that the motion for Peremptory Writ of Mandamus notwithstanding the Answer, be denied, and the Alternative Writ of Mandamus be and the same is hereby quashed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., disqualified.

## ON REHEARING.

CAMPBELL, Circuit Judge.—The relators file petition for rehearing, assigning four reasons why a rehearing should be granted.

First, it is contended that the Court in its opinion stated that the enactment of Chapter 15918, Laws of Florida, Acts of 1933, has the effect of repealing the provision for a fee of 50 cents only, contained in Section 9, Chapter 14572, Laws of Florida, Acts of 1929; but the Court omitted to consider that the provision of Chapter 15918, which is supposed to have the effect of repealing the provision contained in Chapter 14572, was not a new enactment, but has been contained in the Laws of Florida since the enactment of Section 2 of Chapter 5113, Laws of Florida, Acts of 1903.

Regarding the above contention, we would say, that the Court in its opinion was considering the fees that the Clerk of the Court is permitted to receive for services rendered in the redemption of tax sales certificates owned *by the State of Florida, held in the name of the State Treasurer.* In considering the contention of the relators regarding the fee of fifty cents provided for the Clerk in Section 9, Chapter 14572, we said:

"Section 770, Revised General Statutes, as also Section

9, Chapter 14572, seem to apply to the redemption of certificates held by individuals."

We then referrred to the enactment of Chapter 15918 in the year 1933, calling attention to the provisions of Section 1 thereof regarding the fees to be paid the Clerk for his services in redemption proceedings, and stated that Section 2 of Chapter 15918 provided for the repeal of all laws and parts of laws in conflict with Section 1, and said:

"Therefore *if* as contended by the relator, Section 9, Chapter 14572, Laws of Florida, Acts of 1929, provided for fifty cents as the *sole* and *only* charge authorized for the Clerk of the Court to compensate him for performing the duties required of him in the redemption of a tax sale certificate, the passage of Chapter 15918 containing the provision authorizing a fee for searches, operates as to repeal Section 9, Chapter 14572, insofar as it provides for fifty cents as the *only* fee that the Clerk shall charge for his services."

It is readily seen that the Court was demonstrating that *if* the relator's contention that Section 9, Chapter 14572, provides the compensation to be paid the Clerk of the Court for services rendered in the redemption of tax sales certificates held by the State, then Chapter 15918, with its provision for additional compensation for such services, being the latest enactment and carrying a repealing provision, operated to repeal the provisions of Section 9, Chapter 14572. We find no merit therefore in the first contention made in the petition for rehearing.

The second reason assigned in the petition for rehearing is:

"The Court omitted to consider the fact appearing on the face of the alternative writ and admitted by the answer, that the tax certificate, which relator sought to redeem was

the last, sole and only tax certificate outstanding, and that the taxes represented by such tax sale certificate were the only taxes due and unpaid on the land involved, and that therefore there was no occasion to make the search mentioned and described in Section 1, Chapter 15918."

The Court did not omit to consider the fact that the certificate sought to be redeemed was alleged in the alternative writ, and admitted in the answer, to be the only and last tax sale certificate outstanding, as will be seen from the opinion. But the Court also considered that there was a duty devolving upon the Clerk of the Court to search for "*all* outstanding certificates," omitted taxes, etc., and for this search he was entitled to a charge of fifty cents, even though the certificate sought to be redeemed was found to be the *only* outstanding certificate. The matter complained of in the second contention was therefore fully considered, and we find no merit in the proposition advanced therein.

In the third ground of the petition for rehearing it is contended that the Court omitted to consider that if Section 1 of Chapter 15918, Laws of Florida, Acts of 1933, be construed to allow to the Clerk a fee for searches in the case of redemption, such statute would also be construed as allowing the Clerk the fee for a deed in the case of redemption. This contention is untenable. The provision for the fee for a deed is only allowed "when a deed is applied for." Of course, in redemption of a tax sale certificate no deed is applied for, consequently it would be a very absurd construction to say the Clerk should be paid a fee for a deed. There is nothing in this contention that calls for the granting of the petition for rehearing.

In the fourth ground of relator's petition, it is contended that the Court in its opinion failed to consider that Section 775, Revised General Statutes of 1920, as amended by

Chapter 14572, Laws of Florida, Acts of 1929, expressly required the Clerk to pay over to the holder of the tax sale certificate redeemed, the entire amount received by the Clerk for redemption "less his fee of 50 cents."

In reaching its conclusion, this contention was considered, but it was unnecessary to have commented on it in the opinion, for as was stated in the opinion, this statute seems to have reference to redemption of tax sale certificates held by individuals.

Finding nothing in either ground of the petition for rehearing calling for a reconsideration of the case, the petition is denied.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.