THE STATE OF FLORIDA, ex rel. RAY WILLIAMS, v. THE CITY OF MIAMI, a municipal corporation organized and existing under the laws of the State of Florida, ALVIN E. FULLER, as Director of Finance of the City of Miami, Florida, and W. H. PEACE, as Building Inspector of the City of Miami, Florida.

22 So. (2nd) 505          June Term, 1945
June 15, 1945          En Banc

*G. A. Worley* and *Jack Kehoe,* for appellant.

*J. W. Watson, Jr.,* for appellee.

ADAMS, J.:

Appellant applied to the City of Miami for a permit to operate a package store for the retail sale of intoxicating beverages. The permit was refused because the proposed site selected by appellant was less than two thousand feet from another licensed place; that City Ordinance 1988 pro-

hibited the establishment of liquor stores closer than two thousand feet to a then licensee in a residential area. It appears that the existing store was outside the corporate limits; that it was not licensed by the City and not, in any way, under the jurisdiction of the City, although it was licensed by the state law.

By mandamus appellant sought to coerce the City to grant the permit and appeals from an adverse judgment.

The pertinent part of the ordinance interposed as a defense here reads:

". . . no license or licenses shall be issued to any new retail liquor dealers for consumption either on the premises or off the premises in that zone designated as 'residential zone' unless the place of business of such new applicant for license to conduct such business is two thousand feet or more distance from a present licensee;"

Much argument has been made questioning the validity of the above ordinance. We do not deem it necessary to pass on the validity of the ordinance to dispose of this case. It is quite clear from its language that the prohibition is against another liquor establishment within two thousand feet of another *licensee*. In referring to a "present licensee" the ordinance contemplated an operator licensed by the City. We have not failed to consider Paxson, et al., v. Maroon, 148 Fla. 231, 4 So, 2nd 12. We disagree with the City in its application to this case.

The judgment is reversed with directions to grant the peremptory writ.

Reversed.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD and SEBRING, JJ., concur.

THOMAS, Jr., dissents.