**M. R. COGGIN and A. DEERMONT**, co-partners doing business under the style and firm name of **COGGIN & DEERMONT**, v. **C. C. MOORE CONSTRUCTION COMPANY, INC.**, a corporation, and **PAUL SMITH CONSTRUCTION COMPANY**, a corporation.

24 So. (2nd) 97                                                          June Term, 1945
December 4, 1945                                                              En Banc
Rehearing denied January 10, 1946

*James N. Daniel,* for appellants.

*George Earl Hoffman,* United States Attorney, *S. L. Scruggs,* Special Attorney for the United States, and *Thomas Sale,* for appellees.

BUFORD, J.:

This case is before us to review judgment in favor of defendants on demurrer sustained to amended declaration.

The disposition of the cause turns on the construction of the contract entered into between plaintiffs and defendants which was pleaded in the declaration and proposed amendments thereto.

We find no ambiguity in the contract which requires judicial interpretation.

The material part of the invitation for bids was as follows:

"Bids shall be based on Cement and Coarse Aggregate being furnished by the Purchaser F.O.B. Cars at the railhead in Panama City, Florida, and *the fine aggregate being furnished by the purchaser either F.O.B. Stock pile or F.O.B. cars at the railhead in Panama City, Florida.*"

"Bidder shall submit prices in spaces shown below for batch material delivered in Dump Trucks from Batching Plant to Paver based on Cement and Coarse Aggregate being furnished F.O.B. cars at Railhead and *FINE AGGREGATE FURNISHED VIA TRUCK TO BIDDER'S PLANT OR F. O. B. CARS AT RAILHEAD.*" (Emphasis supplied).

Pursuant to that invitation, plaintiffs, in their letter of acceptance, said:

"The foregoing is submitted upon the assumption that Paragraph Two of the invitation for bids means that the sand will be delivered F.O.B. the location of our batcher plant."

Thereafter, and before the bid was accepted and approved, that provision was called to the attention of the bidder-plaintiff as being irregular and not in conformity with the provisions of the invitations for bids. Thereupon the bidder-plaintiff withdrew said provision by letter, using the following pertinent language:

"In presenting our bid for invitation No. 273, Requisition No. 767, we accompanied our bid with a letter which among other things contained the following paragraph:

" 'The foregoing is submitted upon the assumption that Paragraph two of the invitation for bids means that the sand will be delivered F.O.B. the location of our batcher plant.'

"We hereby withdraw this paragraph from our letter."

Thereafter, a controversy arose between the parties as to whether or not the contractor-bidder should be paid for hauling sand ten (10) miles from the stock pile at the railhead, Panama City, Florida, to the batcher plant. The defendants refused to pay for said hauling in addition to the contract price bid by the plaintiffs. Plaintiffs sued and suffered judgment to be taken on demurrer sustained.

We think that under the terms of the contract all that the plaintiff was entitled to recover was the difference, if any, between the cost of loading trucks from the stock pile and the lesser cost of loading trucks at the same place from cars. But this element of damage, if any, was not contended for the declaration.

We find no reversible error reflected in the record and the judgment is affirmed.

So ordered.

CHAPMAN, C. J., BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.

TERRELL, J., dissents.