**THE STATE OF FLORIDA, ex rel. DIXIE INN, INC., a Florida corporation v. THE CITY OF MIAMI, a municipal corporation organized and existing under the laws of the State of Florida, and ALVIN E. FULLER, as Director of Finance of the City of Miami, Florida.**

24 So. (2nd) 705               January Term, 1946
January 11, 1946              Special Division B
Rehearing denied Jan. 30, 1946

*G. A. Worley* and *Jack Kehoe,* for appellant.

*J. W. Watson, Jr., J. Lewis Hall* and *Parker & Foster,* for appellees.

CHAPMAN, C. J.:

Pursuant to its charter powers the City of Miami enacted a general zoning ordinance No. 1682, which divided the said city into nine classes of districts viz: R-1 one-family residential district; R-2 two-family residential district; R-3 apartment and hotel districts; R-4 apartment and hotel, hospital and sanitarium district; B-1 business district restricted; B-2 business district semi-restricted; B-3 business district liberal; I-1 industrial district limited; I-2 industrial district. The relator below (appellant here) operates a restaurant at No. 3134 Douglas Road, situated in District I-1 *supra,* where food, beer and wine are sold but the business is not licensed to sell liquor.

Miami's general Zoning Ordinance No. 1682 was amended in January, 1945, by adding thereto Article XIII-A identified as Ordinance No. 2896, which was designed or intended to regulate or restrict the location within the City of Miami where intoxicating liquors could be sold and by the provisions

thereof divided the area of the city for the purpose of regulating the sale and consumption of liquor into two Zones. One Zone is referred to as the Downtown Business Zone and provides that no certificate of occupancy shall issue for the sale or consumption of liquor if the place of business of the applicant is situated less than 500 feet from an established licensee within the Downtown Business Zone area.

The second Zone of the City where the location of the sale and consumption of liquor is regulated or restricted by Ordinance No. 2896 is designated as the Combination Residential and Business Zone. The Ordinance provides that if the place of business of said applicant in the Combination Residential and Business Zone is situated less than 2,500 feet from an established licensee, then the application for a license or permit for the sale and consumption of liquor therein must by the City of Miami be denied. The applicant's place of business is now situated less than 2,500 feet from an established licensee. Section 561.44 and 562.45, Fla. Stats. 1941 (FSA), authorizes the regulation of the location of places of sale of liquors, hours of business and sanitary conditions by ordinance on the part of any Florida municipality.

The relator, in a mandamus proceeding instituted in the lower court, represented that on March 2, 1945, application to the City of Miami was made for a license to engage in the business of a retail dealer of alcoholic beverages at 3134 Douglas Road and that prior to the application the relator had complied with all legal and valid ordinances of said city, inclusive of depositing with the city the amount of money in the sum of $750.00 lawfully required for the issuance of an appropriate license or permit. The officials of the City advised the relator that the location (3134 Douglas Road) was then situated within 2,500 feet of an established licensee then by law authorized to sell at retail alcoholic beverages and that the terms and provisions of Ordinance No. 2896 of the city prohibited the issuance of a license to him.

It is contended that Ordinance No. 2896 *supra*, adopted January 24, 1945, is void, invalid and unconstitutional and therefore unenforceable because (1) it was not enacted in conformity with the charter provisions of the city; (2) the

city was without the charter power to enact the ordinance; (3) the Legislature of Florida has not by appropriate statutes authorized the enactment of said ordinance; (4) the ordinance is contradictory to and in conflicting with other zoning ordinances of the city; (5) that the ordinance is unreasonable, arbitrary and discriminates against the relator; (6) the ordinance is unconstitutional in that it deprives the relator of property rights in the form of profits that could reasonably be expected to flow to it from the operation of said business.

It is well established that mandamus is a legal remedy which is not awarded as a matter of right but in the exercise of sound judicial discretion, and then only when based upon equitable principles. It is not used to enforce or determine equitable rights. State ex rel. Perkins v. Lee, 143 Fla. 154, 194 So. 315. It may issue to coerce the performance of official duties where officials charged by law with the performance of a duty refuse or fail to perform the same. Overstreet v. State ex rel. Carpenter, 115 Fla. 151, 155 So. 926. The relator must establish a clear right to its issuance and further show that no other adequate remedy exists. State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L.R.A. (NS) 320, 12 Ann. Cas. 359.

In the case of Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406, we held that a municipality on a proper showing, may be restrained from the arbitrary exercise of lawful powers conferred upon it by the Legislature, as such powers must be exercised in conformity with the organic rights of individuals. The courts usually will hold a zoning ordinance invalid when it clearly appears that the restrictions are arbitrary and unreasonable and have no substantial relation to health, safety, morals or the general welfare. See City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So. (2nd) 364; City of Miami v. Rosen, 151 Fla. 677, 10 So. (2nd) 307; City of Miami Beach v. The Texas Co., 141 Fla. 616, 194 So. 368; Ex Parte Wise, 141 Fla. 222, 192 So. 872; Euclid v. Amber Realty Co., 272 U.S. 272, 47 S. Ct. 114, 71 L. Ed. 303, 54 A.L.R. 1016, and and similar cases. The illegality of zoning ordinances usually have been presented in equitable proceedings.

Board and liberal powers have been granted from time to

time by the Legislature under Section 8 of Article 8 to the City of Miami for regulation of the sale and consumption of liquors within said city. Section 561.44, F.S.A., grants additional powers and provides that no license shall be granted to a vendor whose place of business shall be within 2,500 feet of an established school or Church except in incorporated cities and towns, which said cities and towns were given the power thereafter to establish zoning ordinances restricting the location wherein such licensees would be permitted to conduct such a place of business and no license to be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited by municipal ordinance from being operated.

Section 562.45, Fla. Stats. 1941, in part, provides that nothing in the Beverage Act shall be construed to affect or impair the power or right of any incorporated town or city of the State thereafter to enact ordinances regulating the hours of business and location of places of business and prescribing sanitary regulations of any licensee under the Beverage Law within the incorporate limits of such city or town. It is contended that the cited statutes and challenged ordinance prohibit the relator from engaging in the business of a retail liquor dealer at No. 3134 Douglas Road by restricting or limiting the distances between licensed establishments. The answer to the contention is the pertinent provisions of Section 561.44, Fla. Stats. 1941 (FSA), which grant to municipalities of Florida the power to establish zoning ordinances restricting the location of the several places of business of liquor licensees. The facts establishing the constitutional right of the relator in the business of a retail liquor dealer at 3134 Douglas Road, and that Ordinance No. 2896 in its application thereto, is unconstitutional and void are questions not presented here by the record. See Blitch v. City of Ocala; City of Miami v. Rosen, and City of Miami Beach v. The Texas Co., *supra.*

The further contention is made that Ordinance No. 2896 was not enacted in accordance with the charter provisions of the city, and, if lawfully enacted, it is contradictory to and in conflict with other zoning ordinances of said city. A section

of Ordinance No. 2896 provides that Ordinance No. 1988, and all other ordinances in so far as there is conflict, are repealed; that Ordinances No. 1526 and No. 2735 are not repealed by any of the provisions of the challenged ordinance. The answer of the respondent city set out (1) that Article XVII providing for changes and amendments of the ordinance had been repealed; (2) that Ordinance No. 2896 was enacted pursuant to its charter provisions, inclusive of giving the proper notice; (3) it was enacted pursuant to charter authority and is a valid and legal ordinance; (4) it was enacted by the city pursuant to Section 561.44 and 562.45, *supra,* and its charter powers.

The relator by appropriate pleading moved the lower court, after the respondent had filed an answer to the alternative writ, for a peremptory writ of mandamus, notwithstanding the answer and return of the respondent city. It is the established practice under our decisions that when a motion for a peremptory writ, notwithstanding the answer or return is made, the movant thereby admits as true each allegation of fact properly pleaded or stated in the answer. See State ex rel. Atlantic Peninsular Holding Co. v. Butler, 121 Fla. 417, 164 So. 128.

In the case of City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213, we held that it was within the legislative power of a municipality to regulate the sale of intoxicating liquors within its territorial limits in that it had the power to limit the number of permits or licenses to be issued within the stated areas and within the incorporated limits of the municipality. The State, in the exercise of its police power, may enact a valid law forbidding the sale of intoxicating liquors in a particular locality such as prohibiting sales within specified distances of Churches, schools and other buildings. Similar power may be conferred upon municipalities. 30 Am. Jur. 435-6, par. 343. It has the power to regulate and even to prohibit the sale of intoxicating liquors in designated areas and may confer on municipalities similar power. 30 Am. Jur. 314-15, par. 108.

Our previous holdings are cited and relied upon as applicable to the controversy here presented and are viz: City of

Miami v. Kitchinko, 156 Fla. 627, 22 So. (2nd) 627; Mechlow v. Vocelle, 156 Fla. 115, 22 So. (2nd) 631; State ex rel. Williams v. City of Miami, 156 Fla. 505, 22 So. (2nd) 505; Singer v. Scarborough, 155 Fla. 357, 20 So. (2nd) 126; City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213. We have carefully studied and analyzed the cited authorities in light of the reasons advanced but we are unable to adopt the logic submitted by appellant's resourceful counsel. An analysis of these cases is not here material. The point in this controversy is the validity or invalidity of Ordinance No. 2896, and this was not an issue in the cited cases. We fail to find error in the record.

Affirmed.

TERRELL, BROWN and SEBRING, JJ., concur.