SWANN, Judge.
Appellant, Nicholas J. Cesarano, appeals from a final decree which upheld the validity of the “distance provisions” of a City of Miami Zoning Ordinance.
Cesarano was the owner of a liquor license in Miami, Florida, but the premises on which it was located were taken by the downtown expressway system and he was forced to vacate in 1965. He continued to pay the City of Miami tax on this liquor license and on two separate occasions sought to obtain a variance from the City on the ground of hardship in order to relocate the license. He wanted to move it to a beer and wine business which he operated in the downtown Coconut Grove area of the City of Miami. His requests for variances were denied. The Coconut Grove business is properly zoned for the sale of intoxicating liquors but its use for this purpose is precluded under the distance limitations of the ordinance. He then sued the City and prayed that the court find that its comprehensive zoning ordinance was illegal, and for a mandatory injunction requiring the City to issue him a liquor license for all alcoholic beverages at his business premises in the Coconut Grove area of Miami, Florida.
The final decree of the chancellor provided, in pertinent part:
“This cause came on to be tried before me on a Complaint for injunctive and other relief filed in this Court by the Plaintiff after the denial of the granting of a zoning variance by the Defendant, CITY OF MIAMI, legislative body for permission to transfer an alcoholic beverage license for the consumption of liquor on the premises to a location within the prohibited distance from a school and another existing license where liquor is now being sold.
“The City of Miami zoning ordinance prohibits the issuance of a license within 1,000 feet of a school and within 2,500 feet of another liquor license. The evidence presented, including a survey by a registered engineer, indicates the proposed location is 509 feet from the Coconut Grove Elementary School and a mere 167 feet from an establishment dealing in the retail sale of liquor.
“Extensive testimony was taken before this Court, and this testimony, all pleadings and numerous exhibits and argument of counsel have been carefully considered.
“Incorporated cities and towns are given the power by Statute to establish zoning ordinances restricting the location wherein the vendor licensed to sell aleo- *12 holic beverages may be permitted to conduct his place of business (F.S. 561.44). This procedure has been followed by the Defendant, CITY OF MIAMI, in the enactment of its comprehensive zoning Ordinance No. 6871. This ordinance also provides that variances may be granted under certain circumstances where the applicant can show practical difficulties and unnecessary hardship. The zoning ordinance delineates certain facts and circumstances which must exist before a variance may be granted and each of these requirements has been considered by the Court in view of the testimony and evidence presented. The Court finds that the Plaintiff has failed to show that any of these requirements have been met. * * *

“3. The distance provisions of Ordinance No. 6871 the comprehensive zoning ordinance of the City of Miami, prohibiting the property of the Plaintiff to be used for the retail sale of liquor is a proper exercise of the police power.”

It thus appears that there is a present business selling liquor within 167 feet of the Coconut Grove location and that it is also within 509 feet from the Coconut Grove Elementary School, both therefore within the distances prohibited under the ordinance.
In State ex rel. Dixie Inn, Inc. v. City of Miami, 156 Fla. 784, 24 So.2d 705, 707, 163 A.L.R. 577 (1946), the Supreme Court of Florida stated:

“ * * * The State, in the exercise of its police power, may enact a valid law forbidding the sale of intoxicating liquors in a particular locality such as prohibiting sales within specified distances of Churches, schools and other buildings. Similar power may be conferred upon municipalities. 30 Am.Jur. 435, 436, par. 343. It has the power to regulate and even to prohibit the sale of intoxicating liquors in designated areas and may confer on municipalities similar power. 30 Am.Jur. 314, 315, par. 108.”

See also Section 561.44, Florida Statutes, F.S.A.; Glackman v. City of Miami Beach, Fla.1951, 51 So.2d 294; State ex rel. Yung Sing v. Permenter, Fla. 1952, 59 So. 2d 773.
We affirm.