J. LAMAR PAXSON, as Chairman and C. H. CRANDON, *et al.,* comprising the Board of County Commissioners of Dade County, Florida; and EDWARD W. SCARBOROUGH, as Director of the State Beverage Department v. HOKE MAROON.

4 So. (2nd) 12
Division A
Opinion Filed September 30, 1941

*Hudson & Cason* and *Cody Fowler,* for Plaintiffs in Error;

*Joseph E. Davis* and *Melbourne L. Martin,* for Defendant in Error.

BUFORD, J.—In this case appellee applied to the Board of County Commissioners of Dade County for a license as a retail liquor dealer at a named location just outside the municipal boundary of the City of Miami, Florida, and not within any municipal corporation. He applied to the State Beverage Department for a permit to engage in the business of a retail liquor dealer at the same location. Both applications were denied because it appeared that the location designated where the license and the permit were sought to be exercised was within twenty-five hundred (2500) feet from both a school and a church, both of which are located within the corporate limits of the City of Miami.

Upon the refusal of the respective authorities to grant license and permit as stated, *supra,* the applicant instituted mandamus proceedings and secured the issuance of peremptory writ requiring the issuance of the license and permit. The respondents have taken writ of error to the judgment awarding peremptory writ. The question to be determined is whether a retail liquor store may be located outside a municipal corporation but within twenty-five hundred feet of a church or school which is located inside the adjacent corporate limits. The answer to the question depends upon the construction to be given the last paragraph of Sec. 2, c. 19,301, Acts of 1939, which is as follows:

"No license under sub-sections III, IV, V, VI, VII, VII½ of Section 5, Chapter 16774, Laws of Florida, 1935, shall be granted to a vendor whose place of business is or shall be within 2,500 feet of an established school or church except in incorporated cities and towns, which said incorporated cities and towns are hereby given the power hereafter to establish zoning ordinances restricting the location wherein such licensees may be permitted to conduct such place of business and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance."

The record shows that the City of Miami has adopted an ordinance inhibiting the location of a liquor store within three hundred feet of a school or church.

The record also shows that the location sought to be used by relator in the court below is more than three hundred feet from the nearest school or church.

The provisions of c. 19,301, *supra,* were intended to regulate the liquor traffic and to inhibit the location of retail liquor stores within certain areas under named conditions. It was not the purpose of the Act to zone the location available for occupancy by schools and churches. It is not contemplated that the controlling authorities shall be required to move a church or school if a liquor business is set up within the inhibited distance thereof.

It appears to us that there is no ambiguity in the statute and that it means just what it says, viz:

"No license . . . shall be granted to a vendor whose place of business is or shall be within 2500 feet of

an established school or church, except in incorporated cities or towns . . ."

The thing to which the inhibition applies is the license, viz: *No license shall be granted* to a vendor . . . *except in incorporated cities and towns.*

The applicant is not within the corporate limits of the City. That the established school or church is within the corporate limits is immaterial.

If applicant's proposed location were within the corporate limits, he would be entitled to enjoy the benefits and required to bear the burdens incident to being so located. It is true that under the law a liquor dealer might acquire a license and permit to operate a retail liquor store within the municipality located between applicant's proposed location and the school or the church, the location of which inhibits the use for such purpose of applicant's location, but applicant's location is not subject to the municipal regulations and police jurisdiction to which the location inside the corporation would be subject.

If applicant wishes the advantages which would flow to him by locating his business within the corporate limits, he must so locate it and thereby assume such legal burdens and submit to such lawful regulations as the municipality may impose.

The judgment is reversed and the cause remanded with directions that the judgment be vacated and the cause dismissed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.