**Y & M (Hal Mast and Dexter Yates), Plaintiffs-Appellants,**

v.

**The BEER COMMISSION OR BOARD OF JOHNSON COUNTY, Tennessee, Defendant-Appellee.**

Supreme Court of Tennessee, at Knoxville.

Oct. 29, 1984.

Lewis W. May, Mountain City, for plaintiffs-appellants.

William B. Hawkins, Mountain City, for defendant-appellee.

## OPINION

BROCK, Justice.

The plaintiffs applied to the Johnson County Beer Board for a permit to sell beer on property located on U.S. Highway 421 in Johnson County, Tennessee. The permit was denied because the proposed location for the beer establishment was within 2,000 ft. of the Zionville Baptist Church which is situated just across the state line in North Carolina.[1] Plaintiffs appealed the Board's denial of a permit to the Circuit Court for Johnson County which affirmed the action of the Board and dismissed the complaint of the plaintiffs.

In 1974 the legislative body for Johnson County, Tennessee, adopted an ordinance pursuant to T.C.A., § 57-5-105(a)(3), which forbids the storage, sale or manufacture of beer within 2,000 ft. of churches, schools or other places of public gathering.

It is established that the plaintiffs are entitled to the issuance of the requested permit unless the location of their proposed establishment within 2,000 ft. of the North Carolina church requires its denial under the Johnson County ordinance and the enabling statute above mentioned.

The only contention made by the appellants is that the statute and the ordinance forbidding the location of a beer outlet within 2,000 ft. of a church does not apply when the church in question, although within 2,000 ft. of the proposed outlet, is located outside the state of Tennessee.

Neither side in this litigation has been able to supply any authority dealing specifically with the issue presented. The power and authority of the legislature of this state to make the 2,000 ft. proximity rule apply in the case of a church located within the prohibited distance but across the state line has not been questioned; but, the plaintiffs-appellants do argue that the enabling statute and the Johnson County ordinance enacted pursuant thereto should be construed as not intending to apply to a church located outside the state of Tennessee.

It is the policy of the courts, generally, to give to statutory provisions regulating the sale of intoxicating liquors a construction liberally in favor of the regulations and the places or institutions for which they are designed to protect and strictly against the applicants for beer or liquor licenses or permits. 48 C.J.S. 450 *Intoxicating Liquors* § 96 (1981).

Somewhat analogous to the issue presented in the instant case was that decided in *Paxson v. Maroon*, 148 Fla. 231, 4 So.2d 12 (1941). The statute in that case forbade the issuance of a license for the sale of liquor on premises within a specified distance of a school or church, except in incorporated cities and towns. It was there held that a liquor store outside a municipality could not be located within the prohibited distance of a school or church located inside the adjacent corporate limits, even though the limitation in the city was a lesser distance.

There is no evidence or legislative history in the record to support the appellants' contention that the statutory 2,000

---

1. This church has more than 300 members, 54 of whom are residents of Tennessee.

ft. proximity rule should not apply with respect to churches or schools located within the prohibited distance but outside the state of Tennessee. Such an exception has simply not been made by the General Assembly. Moreover, we are satisfied that the same policy considerations which motivated the legislature to prohibit the location of an outlet for the sale of beer within 2,000 ft. of a church located in Tennessee applies equally with respect to a church within that distance located outside the state of Tennessee. Therefore, we hold that the trial court correctly construed the intent and effect of the 2,000 ft. proximity rule as set out in T.C.A., § 57–5–105(a)(3), and the ordinance of the Johnson County, Tennessee, legislative body. Accordingly, we affirm the judgment of the trial court denying the application for a permit and tax costs incurred upon appeal against the plaintiffs-appellants.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.