Robert **YOUNGBLOOD** d/b/a Bob's Market, Appellant,

v.

**RUTHERFORD COUNTY BEER BOARD, Appellee.**

Supreme Court of Tennessee, at Nashville.

March 24, 1986.

John S. Lansden, Murfreesboro, for appellant.

Mark S. Moore, James C. Cope, Murfreesboro, for appellee.

OPINION

DROWOTA, Justice.

The Chancellor, in affirming the action of the Rutherford County Beer Board, held that counties which have been found to have discriminatorily applied the 2,000 foot distance prohibition set forth in T.C.A. § 57–5–105(a)(3)[1] and thus had their 2,000 foot rule invalidated, "may enact a valid, enforceable distance prohibition less than 2,000 feet, i.e., in this case, 600 feet as a sole ground for denial of an application for a permit to sell beer." Appellant, Robert Youngblood, d/b/a Bob's Market, appealed the Chancellor's decision that the 600 foot rule adopted in Rutherford County is valid and enforceable against him as a sole ground for denying his application for a permit to sell beer. Whether the statutory language "within two thousand (2,000) feet" can be construed to mean any distance less than 2,000 feet is an issue of first impression for this Court.

The facts in this case are uncontroverted. In *Rutherford County Beer Bd. v. Adams,* 571 S.W.2d 830 (Tenn.1978) this Court held that Rutherford County's rule forbidding the storage or sale of beer within 2,000 feet of schools, churches or other places of public gathering was invalid because of its discretionary and discriminatory application. A year later, during a special meeting of the Rutherford County Beer Board on October 8, 1979, a motion was passed "to change the beer footage so that any Beer Permit would be 600 feet from the nearest church, school or place of public gathering." On the same date, at the regularly scheduled meeting of the Rutherford County Commission, a resolution was passed forbidding "the storage, sale and manufacture of beer within 600 feet of schools, churches or other places of public gathering," pursuant to the Beer Board's motion. Five years later, on December 7, 1984, Appellant filed his application with the Rutherford County Beer Board for a permit to sell packaged beer at Bob's Market. In his application, Appellant set out that his place of business was 150 feet from a church. A public hearing was held on December 27, 1984, at which time it was established that Appellant's grocery store was 150 feet from a church. The pastor of the Farris Chapel Methodist Church testified that the church was 155 feet from Appellant's store and that they were opposed to the issuance of a beer permit. The pastor of the Barfield Baptist Church, which is "right around the corner from the store," was also "very strongly opposed to the issuance of this license." A motion was made and seconded to deny Appellant a beer permit. This motion was unanimously adopted. Appellant's application was denied by the Beer Board on the sole ground that Bob's Market was less than 600 feet from the nearest church.

Appellant then filed this action in the Chancery Court of Rutherford County on February 25, 1985. At trial the following issue of law was stipulated as controlling: Is the resolution passed by the Rutherford County Commission on October 8, 1979, establishing 600 feet as the minimum dis-

---

1. T.C.A. § 57–5–105(a)(3). That no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals; the county legislative body having the right to forbid such storage, sale or manufacture at places *within* two thousand (2,000) feet of such places of public gatherings *in its discretion....* (emphasis added).

tance for a beer permit or license from such places of public gatherings, valid and enforceable against the subject applicant? The Chancellor found that the resolution establishing a 600 foot rule was valid and enforceable and Appellant appealed.

On appeal, Appellant contends that the controlling question is the construction of the words set forth in T.C.A. § 57–5–105(a)(3) granting unto county legislative bodies the right to forbid sale of beer "within two thousand (2,000) feet of such places of public gathering in its discretion." Appellant avers that the only construction to be given this statute is that a county may either adopt the 2,000 foot rule or no rule at all, and that once the 2,000 foot rule adopted by a county is struck down as discriminatorily applied, distance can no longer be used to deny an application for a permit.

We have been unable to find any legislative history concerning the enactment of Chapter 69 of the Public Acts of 1933, now codified in part at T.C.A. § 57–5–105. However, "[i]t is the policy of the courts, generally, to give to statutory provisions regulating the sale of intoxicating liquors a construction liberally in favor of the regulations and the places or institutions for which they are designed to protect and strictly against the applicants for beer or liquor licenses or permits." *Y & M v. Beer Commission or Board of Johnson County*, 679 S.W.2d 446, 447 (Tenn.1984). The legislative intent of the footage rule was based upon policy considerations prohibiting the sale of beer within a certain footage of churches, schools or other places of public gathering in order to protect these institutions, if the county legislative body which passed the footage rule applied the rule consistently and uniformly.

We are of the opinion that T.C.A. § 57–5–105(a)(3) prescribes a maximum distance of 2,000 feet within which a county legislative body has the right to forbid the sale of beer. No county legislative body can adopt a rule of over 2,000 feet; however, the wording of the statute *"within 2,000 feet"* clearly means any distance of 2,000 feet or less. To interpret the statute as Appellant contends, that "within 2,000 feet" means exactly 2,000 feet and nothing less would defeat the purpose of the statute which was designed to protect churches, schools and other places of public gathering. In this case such an institution was approximately 150 feet from Appellant's establishment.

Appellant also contends that once a discriminatorily applied distance rule has been abolished, proximity measured in feet can no longer remain a valid ground for denying a beer permit. Once invalid, always invalid, until the discriminatory permits previously issued have been eliminated by an acceptable method. Appellee responds that distance rules may be revived by a number of methods, including revocation, attrition, or by adopting a new distance rule within 2,000 feet. Once a valid rule has been restored, any subsequent permit violating the rule may properly be denied. In this case Rutherford County adopted a distance rule of less than the statutory maximum, and that rule has been applied consistently, uniformly and non-discriminatorily. We affirm the Chancellor in holding that counties may adopt a rule of 2,000 feet or less as the minimum distance within which a church, school, or place of public gathering can be located from an applicant's place of business, and that the 600 foot rule in Rutherford County is valid and enforceable.

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.