IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2005 Session

LINDA KISSELL d/b/a FULL MOON SPORTS BAR AND DRIVING
RANGE v. McMINN COUNTY COMMISSION, ET AL.

Appeal from the Chancery Court for McMinn County
No. 22093     Jerri S. Bryant, Chancellor

No. E2004-02938-COA-R3-CV - FILED AUGUST 19, 2005

This case involves the Petitioner's application for a permit to sell beer both on and off-premises of her proposed business establishment. The trial court affirmed the Appellee McMinn County Commission's decision to deny the permit, pursuant to Tenn. Code Ann. § 57-5-105, on grounds that Petitioner's application contained a false statement. Petitioner contends on appeal that she should have been granted the permit because she did not know the statement was false at the time she made it, and because she attempted to amend the application to correct the false statement prior to the hearing before the McMinn County Chancery Court. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined. CHARLES D. SUSANO, JR., J., filed a separate concurring opinion.

John W. Cleveland, Sweetwater, Tennessee, for the Appellant, Linda Kissell d/b/a Full Moon Sports Bar and Driving Range.

Thomas E. LeQuire and Robert C. Denny, Chattanooga, Tennessee, for the Appellee, McMinn County Commission.

**OPINION**

On or about April 29, 2004, Linda G. Kissell ("Petitioner") applied to the McMinn County Commission ("the Commission") for a permit to sell beer for both on-premises and off-premises consumption at her proposed business establishment, the Full Moon Sports Bar and Driving Range. In response to the question on the application requesting the name of any manager other than the applicant, Petitioner answered "Darrell Lee Crisp." In response to the question "[h]as. . .any manager listed in response to question 14 above, or any other employee of the business, been convicted of any violation of the beer or alcoholic beverage laws or any crime (other than minor

traffic violations) within the past ten (10) years," Petitioner responded "No." In fact, Mr. Crisp had been convicted in 1998 of reckless endangerment with a weapon and of spotlighting deer.

The Commission considered and denied Petitioner's application on May 20, 2004. Petitioner filed a petition for writ of certiorari in the McMinn County Chancery Court on May 28, 2004. In its amended response to the petition, the Commission alleged that Petitioner had made a false statement on her application by stating that Mr. Crisp had not been convicted of any crime other than a minor traffic violation in the past ten years.

Both parties filed motions for summary judgment. Following a hearing on the motions, the trial court on November 2, 2004 entered an order granting the Commission summary judgment and upholding its denial of the beer permit.

Petitioner appeals, raising the issue of whether the trial court erred when it granted the Commission's motion for summary judgment.

Our standard of review regarding summary judgment is well settled. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993).

There is no dispute between the parties regarding the facts in this case. Because this appeal involves a question of law, we undertake our *de novo* review with no presumption of correctness as to the trial court's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993)*; I & L Investments, LLC v. Cagle's Const., LLC,* No. E2005-00654-COA-R3-CV, 2005 WL 1798772 at *4 (Tenn. Ct. App. E.S., filed July 28, 2005).

As a general rule, Tennessee courts "give to statutory provisions regulating the sale of intoxicating liquors a construction liberally in favor of the regulations and the places or institutions for which they are designed to protect and strictly against the applicants for beer or liquor licenses or permits." *Y & M v. Beer Commission or Board of Johnson City,* 679 S.W.2d 446, 447 (Tenn. 1984); *Tennessee Sports Complex, Inc. v. Lenoir City Beer Bd.,* 106 S.W.2d 33, 35 (Tenn. Ct. App. 2003).

Tenn. Code Ann. § 57-5-105, the applicable and governing statute in this case, sets forth the requirements for an applicant who requests a beer permit in a Class A county, such as McMinn County. After listing the information an applicant must disclose on his or her application, Tenn. Code. Ann. § 57-5-105(c), the statute mandates that "[a]ny applicant making a false statement in the application shall forfeit such applicant's permit. . ." Tenn. Code Ann. § 57-5-105(d).

In its amended response to the petition for writ of certiorari, dated July 1, 2004, the Commission asserted the following:

> Question 14 on Petitioner's application lists Darryl [sic: Darrell] Lee Crisp as a manager of the proposed business. Question 15 asks if any manager listed in question 14 has been convicted of any crime other than a minor traffic violation within the past ten years. In response to question 15 the applicant stated "no." In fact, [Darrell] Lee Crisp was convicted of reckless endangerment with a weapon on January 16, 1998 in McMinn County [General] Sessions Court and was convicted of spotlighting deer on September 1, 1998 in General Sessions Court of McMinn County. Therefore, the applicant made a false statement in the application and is not entitled to the permit as requested.

In her affidavit supporting her summary judgment motion, dated September 7, 2004, Petitioner stated as follows:

> Prior to completing said application on April 29, 2004,. . .I asked Darrell Crisp if he had been convicted of any violation of the beer or alcoholic beverage laws or any crime (other than minor traffic violations) within the past ten (10) years, and he assured me that he had not. On April 29, 2004, I believed that Darrell Crisp was a truthful person, who gave a truthful answer regarding his having no convictions, and I was aware that his reputation in the community for truthfulness was good.
>
> $*$        $*$        $*$
>
> By signing my application on April 29, 2004, I certified that "this application contains true information to the best of my knowledge and belief," and when I filed my APPLICATION FOR A BEER PERMIT on April 29, 2004, the best of my knowledge and belief was that Darrell Crisp had not ever been convicted of any crime.
>
> $*$        $*$        $*$
>
> To the extent that I have a continuing obligation to amend or supplement my APPLICATION FOR A BEER PERMIT with information that is already known to the McMinn County Commission, I hereby amend and supplement my answer to question 15 of my Application for a Beer Permit by deleting my answer in its entirety and substituting therefor the following answer, "Yes, Darrell Lee Crisp, misdemeanor Reckless Endangerment-Weapon and Spotlighting Deer, both in McMinn County General Sessions Court on 6/21/98 and 9/1/98 respectively."

The record also contains affidavits of Dennis Kissell (Petitioner's husband), and Darrell Crisp, that substantially agree with and reiterate the above attestations.

The trial court conducted a hearing on November 2, 2004. By order entered November 12, 2004, the trial court granted the Commission summary judgment and upheld the denial of the beer permit application.

We are of the opinion that the language of Tenn. Code Ann. § 57-5-105(d) is clear and unequivocal in expressing the legislature's intent that an applicant who makes a false statement in a beer permit application shall not be entitled to receive the permit. We believe the statute provides the Commission authority to deny a permit in such an event, and the Commission was within its discretion to do so.

Petitioner cites the case of *McCarter v. Goddard,* 609 S.W.2d 505 (Tenn. 1980) in support of her argument. The Court in *McCarter* stated as follows:

> The final issue presented by the Board is whether the application was subject to rejection because it contained a false statement. The application originally submitted to the Board stated that the appellee had no partners. At this time, the appellee was discussing a partnership arrangement with Mrs. Helen Broyles, but no money had as yet changed hands. Mrs. Broyles subsequently became a partner, although the appellee was to remain in charge of the actual operation of the business. At the hearing before the Board held three weeks later, the appellee fully informed the Board of the arrangements made since the filing of the application. Under these facts, we hold that the appellee did not falsify his application.

*McCarter,* 609 S.W.2d at 508.

The *McCarter* case is factually distinguishable because, as the Court held, the petitioner's application did not contain a statement that was actually false, whereas in the present case, it is undisputed that the information provided by Petitioner in her application was false at the time it was made. Moreover, the false statement was not corrected prior to its consideration by the Commission. Nor was the application filed in the County Clerk's office amended by an affidavit filed in the Clerk & Master's office in support of a motion for summary judgment. We are not inclined to move away from the established general principle, set forth by our Supreme Court, of strictly construing the beer permit statutes against those applying for such a permit. *Y & M v. Beer Commission or Board of Johnson City,* 679 S.W.2d 446, 447 (Tenn. 1984); *Youngblood v. Rutherford County Beer Bd.,* 707 S.W.2d 507, 509 (Tenn. 1986). The statute does not make a distinction between an intentionally false statement and an unintentionally false statement. It is our opinion that the Commission and the

-4-

trial court acted within its discretion in determining that a false statement was made in the application, and therefore that a beer permit should not issue.

For the aforementioned reasons, we affirm the judgment of the trial court. Costs on appeal are assessed against the Appellant, Linda Kissell d/b/a Full Moon Sports Bar and Driving Range.

_____
SHARON G. LEE, JUDGE